Judge Ewing
delivered the Opinion of the Court.
Henry Mays brought an action of slander, in the Adair Circuit Court, against C. H. Trabue, charging the defendant with having said of him, that “he stole a horse,” in three counts; to which the defendant plead not guilty, and justification.
After the evidence was concluded, [the following instructions were given by the Court to the jury, at the instance of the plaintiff’s counsel: — ■
“If they believe the defendant spoke the slanderous words charged in the. three first counts of the plaintiff’s declaration, they should ’find damages for the plaintiff — unless they believe, from the testimony, that Mays stole the horse, which the defendant pleaded he did steal.”
“That if they believe, that the plaintiff expressed a desire to bréale off the marriage contemplated by plaintiff and his wife, and uttered the slanderous words charged, without knowing whether they were true or false, for that purpose, it is proper evidence to show malice, and to increase the damages.”
And refused the following instructions, asked by the counsel for the defendant: — “that if they believe, from the evidence, that the words charged in the three first counts of the plaintiff’s declaration, were spoken by defendant, and that afterwards, in the presence of all the persons before whom they were spoken, and in the same conversation, they were explained by a third person, in a way which would not make them amount to a ground of action, and that the defendant and all the persons who were present at any time during the conversation, *139 adopted and assented to the explanation, — that they should find for the defendant.”
Slander defined.
One who circulates a slander by merely repeating what he has heard, naming his auther at the same time, may justify the act.
Words ofslander may be retracted ■ — or so qualified or explained, as not to convey a slanderous meaning; when either is done, in the same conversation, and in presence of all those who heard it,the words are not actionable. And
When a slander is uttered by one person, and another explains the matter, in the same.company, so as to do away the slanderous imputations, and the former adopts the explanation, the injurious effect is counteracted, Sf the words not actionable.
Whether the opinions of the Circuit Court were correct in given the two first instructions, and in withholding the latter, are the only questions which this court deem essential to be determined in this case.
Slander consists in giving currency to a slanderous charge against another. This may be done by publishing the charge in a crowd, or by communicating it to one or more persons, in conversation.
The person to whom the charge is communicated, may communicate it to others, and be justifiable in doing so — provided he gives his authority at the time. And in this way, the charge may become in general circulation, to the prejudice of the person charged.
But if a charge be made, which amounts to slander, it may be retracted, qualified, or explained, in the same conversation, and before the persons seperate before whom it is made, showing that it does not amount to slander. So, to say of a man that he is a .murderer, but afterwards, before the individuals separate in whose hearing the charge is made, to qualify the charge by stating that he murdered a hare, is not slander;- for no impression is left upon the minds of the hearers, that he was guilty of the crime of murder. So,, to say of an individual, that he stole a horse, and afterwards in the same conversation, to explain away the imputation, so as to show to the hearers, that he meant -only to leave the impression on their minds, that he .was guilty of a breach of trust, and not of a felony, is not slanderous.
Or if, in a case like the above, he revokes the charge altogether, in the hearing of the company, and before they or any of them seperate; or, if he makes the charge, as in the above case, and some other individual, who is presumed to know more about it, is called upon and makes an explanation of the circumstances relating to the offence charged, which shows that the faking of the horse was not felony, and he, in the presence and hearing of the same company and before they or any of them seperate, adopts the explanation, and retracts or qualifies the charge, in such manner as to leave no im *140 pression of an imputation of crime to the person charged, on the minds of the hearers; .he would not be guilty-of slander.
Evidence conducing to prove, that- a slander was retracted, qualified or explained, is to be submitted to the jury; whose province-it. is to decide,whether the retraction fyc. took place in the-presence of all those who heard. the slander-whether.theview of the matter presented'by another,. was adopted’ by him. who uttered the slander — and especially , whether the w.ords were spoken with a malicious intent, or not. And!—
The words charged in the-plaintiff’s declaration, were-proven by two witnesses only, who were ladies; and it was also proven, that another person- came-in, before the-conversation ended, who seemed to be well acquainted, with the- the plaintiff, and of the case referred to, about the-horse, and was called on by the defendant for information relative to the character of Mays and- the case-alluded to; and being so called on; he gave an explanation about the taking of the horse, which went clearly to- show, that he- had not been guilty of a felony; and there is some testimony in the- record, — very slight, it is acknowledged, — tending to show, that the defendant adopted the explanation, andhvas understood by the company; to retract the charge of felony. The testimony, it is true; is very slight, and our only difficulty on the-subject, arises from-the-doubt which we have, whether there is any sufficient testimony in the cause, to authorize the- jury to infer, that the whole company did understand the defendant as adopting the explanation; and retracting the- charge of felony. But as there is doubt,, it was the province of the jury to weigh this testimony, and to deduce- their own- conclusions from it; — and if they were satisfied, that the explanation- was-made, and adopted by the defendant, and the imputation of felony retracted, or was so understood by the whole company, they would be bound to- find for the defendant. The court below, by their first instruction, has predicated-the finding of the jury in favor of the plaintiff, upon the proof of the speaking of the words only, and have thereby excluded from their consideration, any circumstances tending to show the want of malice, or any explanation, qualification, or retraction, of the words, which may have afterwards, and to the same company, have taken place. It may be true, that the words were spoken, and yet no right of action exist in favor of the plaintiff, if the words were afterwards explained away, qualified, or retracted. The court, therefore, erred in giving the first instruction.
Whether the intentions which-, prompted a slanderous communication, were-, good, or bad— whether it was-made maliciously to injure the. pitf. — or through friendship to the party to whomu it was made, is. for the jury to-determine; whoi may give more or less damages, or none, according to their conclusions from the whole evidence. Though—
Malice in speaking slanderous words may be inferred from their falsity.
For the same reasons, the instruction asked by the defendant’s counsel,and refused by the court, should have-been given.
But the second instruction given to the jury, at the instance of the plaintiff’s counsel, is still- more- clearly erroneous.
Malice is an essential ingredient in the' action of slandbr, and is a question of fact,, which falls peculiarly within the province of a jury to determine. 2 Starkie Ev. 867, 865. The court has no right to look into the testimony, and to determine, as a question of law, that a certain state of proof was evidence to show malice, and increase the damages, when there might be another and different construction on the proof in the cause, from, which a different motive than the one ascribed by the court, might be deduced, which would tend to show a less degree of malice, and go to extenuate the damages, rather than to increase them.
The jury should be left free to judg.e of the motive, and of the grounds for increasing or diminishing the damages.
In' this case, there was proof tending to show, that the motive- for making the charge, was to break off the match which was contemplated between the plaintiff and a daughter of the- defendant’s neighbor. But it may as well be inferred from the proof, that the motive was a good one, and his act proceeded from the friendship which he had for his neighbor and his' daughter, and his earnest solicitude for their- welfare, as- that his motive was a bad one, and his act proceeded from sheer malice- towards the plaintiff.
Should the jury have concluded, that the charge against the defendant was made with the former motive, it might have tended to produce an extenuation of damages; if the latter'motive only, influenced him, it might have induced them to increase them.
We do not intend to be understood, that malice may not be legally implied' from the falsity of the words, without other proof. But that, when an inquiry is-gone into, in relation to the motive of the defendant, for publishing the slanderous words, the jury are to be left *142 free to judge of the motive, and to increase or diminish the damages, according to their own conclusions.
As the court assumed the fact, that the motive was bad and evidence of malice, and that in consequence thereof, the damages should be increased, the instruction was erroneous.
It is therefore considered by the court, that the judgment be reversed, and the cause remanded, that a new trial may be awarded.