*Morehead & Reed* for appellant: *Fry & Page* for appellee.

---

## Grimes *vs* Coyle.

APPEAL FROM THE ANDERSON CIRCUIT.

*Slander. Instructions. New trial. Notice.*

CHIEF JUSTICE EWING delivered the opinion of the Court.

THIS is an action of slander, brought by Coyle against Grimes, for giving utterance to his suspicions that Coyle had broken into his and Williams' store and stolen money, of which the store had been robbed.

It appears on a certain Sabbath night, while Grimes and his clerk were at church, that some person had entered the door of the store house, which was susceptible of being opened from without, and stolen from seventeen to nineteen hundred dollars. That on the next day Williams, the other partner, who lived in the country, was sent for, and a few prominent merchants of the town were called together in secret, to consult as to the best

Case 61.

*Oct* 31.

The case stated facts appearing in the record.

GRIMES
vs
COYLE.

mode of recovering the money and detecting the thief. Grimes was called upon to say if he suspected any one, and stated that he did, but refused to tell who it was, expressing an apprehension that he might be wrong and injury might accrue to the character of the person. He was urged to tell as a matter of duty, and as the means of aiding in the detection of the offender, and strict confidence promised. He then stated that he suspected Coyle, and stated truly and in apparent good faith, the facts which caused his suspicions. He made, at the request of those present, a similar statement to two or three other active and watchful individuals, who had been or were officers, and to another who was interested in a part of the money that was stolen, but in every instance made the communication in confidence, and in apparent good faith, with a view to direct their attention and enlist their aid in the recovery of the money, (of a portion of which they had reserved a memorandum,) and in the detection of the offender, and without the slightest manifestation of malice or ill will against Coyle, whom the clerk, who was apprised of the same facts, and others also suspected, before the suspicions of Grimes were communicated. It appears further, that Grimes, hearing that Coyle was at church when the robbery was committed, (though no witness in this record has proven that he was at church,) and fearing that he might have done him injustice, some short time after his suspicions were communicated, saw those to whom he had expressed them, and retracted what he had said, and expressed the belief that Coyle was innocent, and he hoped that nothing more would be thought or said about it.

Judgment of the
Circuit Court.

Upon this evidence the jury found a verdict for the plaintiff of $883 35 cents, and a motion for a new trial being overruled and judgment rendered, the defendant has appealed to this Court.

Instructions
asked by plain-
tiff and refused.

The plaintiff's counsel asked the following instruction, which was refused: "If, from all the facts and circumstances in proof before the jury, they believe that Grimes, the defendant, had *no probable cause* to charge the robbery upon Coyle, the law implies malice and they ought to find for the plaintiff damages at their discretion."

The counsel for the defendant moved five several instructions to the jury, which were also refused, and the Court gave to the jury the following instructions: "1st. that they must find for the plaintiff, if they believe from the evidence in the case, that the defendant did utter and publish of the plaintiff, the words in the declaration set forth, intending thereby to impute to the plaintiff the charge of stealing, and did not speak them only in the manner and under the circumstances predicated in the second instruction." "2d. But if they believe from the evidence, that the store of the defendant had actually been robbed, and the money of the defendant and others stolen, and that the defendant did suspect or believe that the plaintiff had stolen the money, and communicated such suspicion or belief, together with the circumstances on which he based such suspicion or belief, confidentially and without malice towards the plaintiff, and for the simple purpose of procuring their aid and advice in recovering his property, to such persons as a man of ordinary discretion would select for such communications, and did not utter the words in the declaration mentioned in any other manner, or for any other purpose, they must find for the defendant."

The instruction asked by the plaintiff's counsel was properly refused. It is inappropriate to the action of slander, and ought not, at any rate, to have been given without an appendant qualification, appropriate to the proof in the cause, showing a justifiable cause, occasion, and object in the utterance of the words.

The second instruction given by the Court, is substantially right, and the most of those asked by the defendant's counsel should have been rejected, in the form in which they were asked. They split up the communications made to different persons, and ask an instruction to find for the defendant, upon each branch, leaving out other branches in which if the the communication was not made in good faith and without malice, a cause of action was made out, and the jury should not have been instructed to find for the defendant. But the most of these instructions might have been amended or qualified so as to express truly the principles of law involved in

GRIMES
vs
COYLE.

Instructions given by the Court.

Probable cause is an inappropriate defence for speaking slanderous words, and instructions based upon its sufficiency as a defence, should not be given without showing a justifiable cause, occasion, and object in uttering the words.

Instructions to a jury should be given in a plain, intelligible style, and not in an ambiguous or involved form.

GRIMES
vs.
COYLE.

the case. And we apprehend that the rejection of the whole of them, and the giving the first instruction before cited, in the manner and in the form it was given, if not calculated to mislead the jury, at least was not calculated, in the complicated form in which it was given, to lead them to a correct understanding of the law governing the case. Instructions should be given in a plain and intelligable style to the jury, and not in an ambiguous or involved form, as is the first instruction in this case. A jury might have their attention directed to the first branch of the instruction, and conceive that that authorized their finding for the plaintiff, and overlook the negative qualification embraced in the second branch, unless it had been clearly carried out and expressed.

Expressions of suspicion founded upon facts detailed, prudently made, and in confidence, to direct persons, in good faith to direct their watchfulnees & enlist their aid in detecting a felony, and not more extended than the circumstances justified, gives no right to maintain slander against the person so expressing his suspicions.

But waiving this criticism of the instructions, we are satisfied that the finding was unauthorized by the evidence in the cause, and against the instructions of the Court, and a new trial should have been granted. There is no contrariety in the evidence, and not a particle of proof indicating ill will or malice, covert or express, against Coyle. The expression of suspicion founded upon the facts detailed, were in every instance made prudently and in confidence, to discreet persons, and made obviously in *good faith*, with a view only to direct their watchfulness and enlist their aid in recovering the money stolen and detecting and bringing to justice the offender. The cause, occasion, object and end was justifiable, proper, and legal, and such as should actuate every good citizen; nor does it appear that the communications were more extensive than the circumstances justified.

The public interest requires that such communications should be made, that offenders may be detected, and the citizen should not be deterred from making them by a fear of legal responsibility.

If every person was required to close his lips, when a desperate robbery was committed, and make no communication to his honest and vigilent neighbors, of the facts and circumstances of which he might be possessed, pointing in a greater or less degree, to a suspected individual, offences, in many instances, would go unpunished, and offenders escape with impunity. The public interest requires that such communications should be made, and if an individual may sometimes suffer a temporary injury to his character, it is better that it should be so, than that the public interest should suffer. It is upon this principle

that mere *probable cause* is deemed a full justification to a private individual against a civil action for damages, when an innocent person has been subjected to the reproach, and put to the costs of defending himself against a public prosecution for an infamous crime. Individual interest must yield to the public good. And when such communications are made in *good faith* and confidence, and with an honest view and purpose, to the object and end intimated, and is not made as a pretext to cover over secret malevolence or ill will towards the party spoken of, it is proper that they should be made, and the honest portion of the community should be encouraged rather than restrained from making them, by the terror of legal responsibility.

The judgment of the Circuit Court is reversed and cause remanded, that a new trial may be granted.

*Harlan & Craddock, and Morehead & Reed* for appellant: *Hewitt* for appellee.