Case.

Case 6.

## Parker *vs* McQueen.

ERROR TO THE FRANKLIN CIRCUIT.

*Slander.    Pleas and pleadings.*

December 10.

Case stated.

CHIEF JUSTICE. MARSHALL delivered the opinion of the Court.

THIS was an action for slander in charging the plaintiff with having stolen a hog. Besides the general issue, the defendant filed a special plea stating in substance, "that a third person, a neighbor, had sent for and informed him that plaintiff had stolen her hog and had it in his pen; that at her request he went with her to get the hog, and attempted to satisfy the plaintiff, by witnesses, that the said hog, then in his pen, belonged to said neighbor, &c., but he then refused to surrender it, but afterwards turned it out of the pen; and that afterwards, at the time of speaking the words mentioned in the declaration, a quarrel arose between plaintiff and defendant, in which abusive language was used on both sides, and defendant, in said quarrel and in allusion to said hog, and to the manner in which plaintiff had held and kept said hog and refused to give it up, did say that he, the plaintiff, was a hog thief, for he had stolen J. M's. hog, for he had it in his pen and refused to give it up, but afterwards

let it out, and the circumstances and manner in which said hog was had and held, were then and there, in the presence of the same persons and at the same time mentioned in the declaration, declared and fully stated and detailed." A demurrer to this plea was overruled and judgment rendered for the defendant.

This plea is attempted to be sustained on two grounds: 1st. That it shows that no felony had been committed, and that the defendant had made this appear by his statements in the same conversation and company in which the words importing the charge had been uttered, and that, therefore, upon the whole of the words spoken, there was no charge of felony; and 2d. That it states that the charge was communicated to the defendant by a third person named in the plea, before he uttered the words. But we are of opinion that the plea is not good under either of these or any other aspect.

The plea does not show that after making the charge of theft, the defendant stated such facts as made it clear either that there was no theft in fact, or that there could be none in the case stated, or that he did not intend to charge a theft.

Under the most liberal doctrine applicable to the utterance of slanderous words, the defence, if intended to be made on the first ground assumed in support of the plea, must rest upon one of the three facts just mentioned: *Trabue* vs *Mays*, (3 *Dana*, 138;) *Smith* vs *Hawn and wife*, (4 *B. Monroe*, 385;) (1 *Chitty's Pleadings*, 528-9.)

The fact that such a defence may be given in evidence under the general issue, does not prove that it may not be specially pleaded. On the contrary, although in actions on the case except for slander, almost every defence, whether by way of discharge, excuse or justification, may be given in evidence under the general issue, it is yet a universal rule that every defence which does not contradict the declaration but admitting the facts therein alledged, relies upon new facts which show that the action does not lie, may be specially pleaded.

And in all actions on the case and other actions for torts, where the defence admits the right of the plaintiff

PARKER
*vs*
McQUEEN.

A plea in action of slander, for charging plaintiff with committing a felony, which admits the speaking of words charged, but averring other facts which show the words spoken not to be actionable, must show either that no felony had been committed, and that it so appeared by the defendant's statements in the whole conversation, and therefore that there was no charge of felony, or that the charge was made known to the defendant by a third person named in the plea, before he uttered the words.

The fact that the same matter which is specially pleaded might be given in evidence under the general issue, is not, in slander, always a sufficient ground for rejecting the special plea; but if the speaking of the words be admitted by the plea, but other facts relied upon which show the plaintiff is not entitled to the

PARKER
*vs*
McQUEEN.

action, the plea is proper.

So in actions of torts and on the case, if the plaintiff, where the plaintiff's right and the act complained of, are admitted, but is excused or justified, it may may be specially pleaded.

and act complained of, but excuses or justifies the latter, it may be specially pleaded. It is not true, therefore, that a special plea in slander must justify, by showing the truth of the words. It may be shown by special plea or under the general issue, that the words were spoken in an innocent sense or on a justifiable occasion; and if so spoken, there can be no recovery, unless in the latter case the words were not only false, but spoken with actual malice.

Under these principles we are of opinion that the defendant might, by special plea, have introduced new matter to show that the words were uttered under such circumstances, or with such explanations, as taken altogether, relieved the plaintiff from the imputation of crime, which they import. But a plea of that character must state the explanations or other circumstances relied on, so that it may be determined on the face of the plea, whether they are entitled to have the effect claimed for them. Upon the plea before us, it is not certain whether the defendant did not and does not still intend to charge the plaintiff with having stolen the hog. The fact that the plaintiff, after claim and proof of ownership was made by another, turned the hog out of his pen, does not prove that he did not put him there feloniously, and the statement of that fact by the defendant, as alledged in the plea, might have been intended and understood as a confirmation instead of a withdrawal of the charge. The other circumstances referred to but not stated in the plea, may have been of a similar character; and the plea clearly makes out no defence in the first aspect in which it is presented.

The mere statement in a plea slander that defendant was informed by a third person, without giving the name of such person, that plaintiff had been guilty as charged, is not a valid defence. It could only be good evidence in mitigation.

Upon the second ground: we think it equally clear that the mere incidental statement in the plea, that a third person named therein, had informed the defendant that the plaintiff had stolen that person's hog, is in itself no justification or excuse for a reiteration of the charge by the defendant, and especially without reference to the name of his informant. The fact that the defendant had heard from another the charge which he himself afterwards circulates and gives credit to, does not repel the implication of malice arising from the falsehood, and un-

necessary publication of the charge by him. It may, in the estimation of the jury, mitigate the damages, but cannot, of itself, operate as a bar to the action. Upon this point we refer to the case of *Williams* vs *Greenwade and ux*, (3 *Dana*, 432.) It is scarcely necessary to say that the fact that the words were uttered in the crimination aud recimination of a quarrel between the plaintiff and defendant, though it may palliate, does not, in law, excuse the uttering of false and slanderous words by either party, and is, therefore, no bar to this action.

In every view of the plea, we are of opinion that it is insufficient, and that the Court erred in overruling the demurrer to it.

Wherefore, the judgment is reversed and the cause remanded, with directions to sustain the demurrer to the defendant's special plea, and for further proceedings.

*Harlan* for plaintiff; *Cates* for defendant.