## W. K. DENNY v. ALMA MILLER.

**Slander—Pleading Defenses—Record—Evidence—Character of Plaintiff —Competency of Parties as Witnesses.**

Each separate defense must be set forth in a separate paragraph, each must be complete in itself, and the averments of one cannot aid the deficiency of others.

**Pleading Defense.**

An answer in a slander suit which admits that the slanderous words were spoken, but which avers that the defendant but repeated words of another, which at the time he believed were true, is bad which fails to aver that the speaking of the words was without malice.

**Record.**

An answer tendered by appellant and rejected by the court, not made a part of the record by bill of exceptions or order of court, is not a part of the record and will not be considered.

**Evidence.**

It is error for the trial court to permit witnesses, over objections, to give their opinion as to the effect of the speaking by appellant of slanderous words, upon the character and feelings of plaintiff. The witnesses should have been confined to the statement of facts, leaving the jury to form its own opinion as to their effect.

**Character of Plaintiff.**

Injury to character is the gravamen of an action for slander and goodness of plaintiff's character may always be proven in aggravation, just as bad character may be shown in mitigation.

**Competency of parties as witnesses.**

In an action where an infant is a party the defendant is not a competent witness, under the statute providing that in an action or special proceeding, in which the adverse party is an infant, where such infant does not testify, the other party is incompetent.

**Evidence.**

In a suit for slander it was error for the court to exclude evidence offered by the defendant showing that he had explained to some persons that the statements made by him were based upon the fact that another had been guilty of the offense. Such evidence would tend to show that defendant had no intention to injure the plaintiff and should have been allowed.

APPEAL FROM LINCOLN CIRCUIT COURT.

October 12, 1874.

OPINION BY JUDGE COFER:

A verdict and judgment having been rendered against the appellant in an action for slander, and his motion for a new trial having

been overruled, he has appealed and seeks a reversal upon various grounds, which will be stated and disposed of in the order in which they arose. The answer of appellant contained five paragraphs. The appellee filed a general demurrer, but whether it was noted and treated as a demurrer, is the first question to be decided.

Before proceeding to a discussion of the question, we remark that each separate defense is required to be set forth in a separate paragraph (Sec. 125, Civil Code) ; and that each paragraph must be complete in itself (27 Barb. 376) ; and that the merits of one paragraph cannot, on demurrer, be brought in aid of the allegations of another, without appropriate reference is made in the paragraph demurred to, to such other averments (18 Barb. 260).

In the paragraph to which the demurrer was sustained, the appellant admitted the speaking of words charged in the petition, but attempted to avoid liability by averring that he repeated that which one Joseph J. Jones had told him ; that he believed the statements so made to him by Jones were true, and that at the time of speaking the words he gave Jones as his authority ; but it is not denied in this paragraph that the words were spoken in malice by the appellant, nor is it averred that Jones spoke the words with malice.

If it be conceded that one who hears a slander and repeats it, giving the name of its author at the time, is not liable if he did so without malice, still the paragraph in question was insufficient to bar the action. The words spoken are admitted to have been false, and being slanderous, were *prima facie* actionable ; and although appellant may have heard them from Jones, and may have believed them to be true, yet if he uttered them with actual malice he would be liable. It was therefore necessary to aver that the speaking of the words were without malice. *Williams v. Greenwade & Wife,* 3 Dana 432 ; 2 Chitty's Pleadings 506.

Nor can this paragraph be sustained on the ground that the appellant spoke the words charged in good faith, in the discharge of a social duty, in an effort to discover the authors of crime. In order to do this it ought to appear from the pleading, that he made the communication privately and in good faith, to discreet persons, for the simple purpose of procuring their advice and aid and stimulating their vigilance in discovering the truth regarding the supposed crime, and in the detection of its perpetrators, and that he gave no more publicity to the statement than was reasonably necessary for that purpose. *Grimes v. Coyle,* 6 B. Mon. 301 ; *Williams v. Greenwade & Wife,* 3 Dana 432.

These facts are substantially set forth in another paragraph, but as these paragraphs do not purport to be pleas in bar, but are expressly pleaded in mitigation, they furnish no basis upon which to predicate instructions to the jury authorizing them to find for the appellant.

The amended answer tendered by appellant and rejected by the court is not made part of the record, either by bill of exceptions or order of court, and is not a part of the record; and we cannot, therefore, decide that the court erred in refusing to allow it to be filed.

The court, against the objections of appellant, allowed the appellee to give in evidence the opinion of several witnesses as to the effect of the slanderous words of appellant upon her character and feelings, and to prove that Cardwell Campbell's son, who is charged with the words, for uttering which the appellant was sued, and who had seduced her, was an elder in one, and the appellant was an elder in another branch of the Presbyterian Church. This was error. The witnesses should have been confined to the statement of facts, leaving the jury to form their own opinions as to their effects. Evidence calculated to arouse either political, religious or church prejudices, should have been carefully excluded from the jury.

The appellant also objected to proof of the good character of appellee, but the court overruled the objection, to which an exception was taken, and counsel for appellant now insists that the court erred in so ruling. Injury to character is the gravamen of the action of slander, and goodness of character may be proved in aggravation, just as badness of character may be shown in mitigation. *Williams v. Greenwade & Wife*, 3 Dana 432.

The rejected deposition of Mip Hester was incompetent. The disgusting details of her wrongs and sufferings could have served no legitimate purpose in this case. They did not tend to prove any fact in issue between the parties, and the rejection of her deposition did not prejudice the rights of appellant.

The appellant was not a competent witness. The statute (Sec. 25, Chap. 37, General Statutes) provides that no party shall be allowed to testify by virtue of Section 22, in any action or special proceeding where the adverse party is an infant, unless the infant testifies in his own behalf. The appellee was an infant, and did not testify on her own behalf, and appellant was, therefore, clearly a competent witness in his own behalf. It was error to refuse to allow the appellant to prove by Miller that, in his opinion, it was unfortunate for appellee that he had told what Jones had told him. The jury, and not the

witness, should decide that question; but, besides this, the proposed evidence was predicated upon the assumption that appellant had told just what Jones told him, while one of the questions in the case was whether he had in fact told the story as he heard it from Jones, or not.

The only issue presented by the answer was made by the first paragraph, which was in these words: "The defendant, W. K. Denny, answers plaintiff's petition, and denies that the words spoken were spoken by the defendant of and concerning the plaintiff. But he admits that he spoke the words hereinafter stated." All that he denied by this paragraph was that the words were spoken of or concerning appellant; that they were spoken is admitted. The application of them to appellee is the only thing denied, and was the only thing necessary to be proved, and if this was proved she was entitled to a verdict, and the instruction so told the jury. It was unnecessary to tell them that they must also believe the words were spoken with malice. This was denied; and if it had been, the speaking of the words, which was not denied, raised a presumption of malice; and proof that the words were spoken of appellee with the presumption of malice arising from the false charge of crime, was sufficient to entitle her to a verdict. It would have been better, however, if the court had told the jury that the appellant admitted the speaking of the words, but denied their application by them to appellee, and if they believed from the evidence he did apply them to her, they should find for the plaintiff.

As the judgment must be reversed for error in admitting incompetent evidence, and the instructions given are voluminous, and those asked by the appellant and refused are too erroneous to be discussed within the bounds of an opinion, we will content ourselves with a simple statement of the principles of law regarded as applicable to the case.

Such words in the petition as are slanderous should be set forth in an instruction, and the jury should be told that if the defendant, in uttering them, applied or intended to apply them to the plaintiff, they should find for her such sum as, under all the circumstances of the case, they should deem right, not exceeding twenty thousand dollars, the amount claimed in the petition; but unless they believed the words were applied to her, they should find for the defendant; and that if they should find for the plaintiff, they should, in determining the amount of their verdicts, take in consideration, on the one hand such facts and circumstances in evidence as tended to prove, and

such on the other hand as tended to disprove, an intention on the part of the defendant to injure the reputation of the plaintiff.

There was no issue of malice, or no malice in the case. The existence of malice prompting appellant, if he applied the words to appellee, was properly to be considered by the jury; but instructions predicated upon a part of the evidence tending to show, on one hand, an intention to injure her good name, and on the other to show that appellant's motives were good, and that he had no special intention to defame her, should not have been given. Whether a particular state of fact tends to prove or to disprove bad motives on the part of the appellant, is the proper subject for argument, but is not a proper predicate for instructions by the court, which should be confined as closely as possible to the issues made by the pleadings.

To predicate an instruction on part only of the evidence relating to the particular point embraced in the instruction, is calculated to give that part of the evidence special prominence, to withdraw attention from, or to subordinate other evidence which they ought to consider.

The exclusion of the evidence tending to show that appellant had explained to some persons that the statements by him were based upon the fact that another had been guilty of the offense, unless he had made such explanation to all to whom he had communicated the slanderous words, was error. The only legitimate use of such evidence was to show that the appellant had no intention to injure the appellee, and while if he had gone to all to whom he had repeated the slander and explained the mistake, the inference from that fact would have been stronger than from an explanation to a part only of such persons, yet the difference would have been in degree only.

The fourth instruction given at the instance of the appellant, to the effect that evidence of all feeling between Cardwell Campbell's son, and the appellant, was not competent to prove an intention on the part of the appellant to injure the character of the appellee, should not have been given. Appellee, though not the child of Cardwell Campbell, was a member of his family, and appellant was charged with having said that he had seduced her, and by the implication, at least, he had sent her away and procured an abortion to be produced upon her person, an evidence of ill-feeling toward him was competent, as tending to prove an intention to defame and injure her character. But the jury could have been cautioned not to allow any injury that may have been done to Campbell Cardwell, to increase their finding for appellee.

For the errors indicated, the judgment is *reversed* and the cause is remanded for a new trial, upon principles not inconsistent with this opinion.

*G. H. Breck, William Chenault, for appellant.*

*Dunlap, C. F. Burnam, R. M. & W. A. Bradley, for appellee.*