JUDGE COFEE
delivered the opinion oe the court.
The appellant brought an action of slander against the appellee, and verdict and judgment having been rendered against him, and his motion for a new trial having been overruled, he has appealed.
*450 It is insisted for the appellee that the bill of exceptions copied into the record was not filed in the circuit court within the time prescribed by law, and that it can not therefore be considered by this court. This question must be first decided; for if the point be well taken, the judgment must be affirmed without reference to other questions.
The trial took place at the March term, 1873, of the Scott Circuit Court, and within three days after the verdict and judgment were rendered the appellant filed grounds and moved the court for a new trial, which motion was continued until the September term, when it was overruled and time given until the fifth day of the next term to file a bill of exceptions. On the second day thereafter the order overruling the motion for a new trial was set aside and the cause was continued; but no notice was taken of that part of the order giving time until the fifth day of the next term to file a bill of exceptions. At the succeeding term, March, 1874, the motion for a new trial was again overruled; to which appellant excepted, and from which he prayed an appeal; and on the third day thereafter— to wút, March 7th—which was, the sixth day of the term, a bill of exceptions was signed by the court and made part of the record.
Counsel for the appellee insist, first, that the order made at the March term, 1873, allowing time until the fifth day of the next term not having been set aside, and the bill of exceptions not having been filed until the sixth day of the next term, came too late; secondly, that the order at the September term, 1873, overruling the motion for a new trial related back to the preceding March term, and became an order as of that term; and the court had no power to set it aside; and thirdly, that the court had no power to extend the time for filing the bill of exceptions beyond the September term, 1873.
Section 364 of the Civil Code pro Abides that “the party objecting to a decision must except at the time the decision *451 is made, and time may be given to reduce the exception to writing, but not beyond the succeeding term.”
It is argued that as the judgment sought to be reversed was rendered at the March term, 1873, time to reduce the exceptions to writing could not be extended beyond the succeeding term, Avhich was the September term, 1873.
The error in this position consists in regarding the judgment on the verdict, and not that overruling the motion for a new trial, as- the judgment appealed from.
When an appeal is prosecuted from a judgment on a verdict AAdthout a motion for a neAv trial having been made and overruled nothing is brought before this court except the pleadings, verdict, and judgment; and if the pleadings and verdict authorized the judgment rendered, it will be affirmed without regard to the rulings of the court at the trial further than they appear in the judgment.
•But Avhen a motion -for a new trial is made it is the duty of the circuit court to review all its rulings during the trial Avhich were excepted to by the unsuccessful party, and grant a new trial if error has been committed to his prejudice; and if the court fails to do so and overrules the motion, the order Avill be erroneous because of the previous errors, and this court will reverse the order, and remand the case with directions to award a neAv trial.
The motion for a new trial having been overruled at the March term, 1874, and the bill of exceptions signed and made part of the record during that term, it was in time.
The court had the same pOAver over the order overruling the motion for a new trial at the September term that it had over any other order of that term; and although the order allowing time until the fifth day of the next term to file a bill of exceptions Avas not set aside, it Avas annulled by setting aside the residue of that order; for the court had no power as long as the motion for a new trial was pending to prescribe *452 the time within which the bill of exceptions should be filed. We are therefore of opinion that the bill of exceptions is a part of the record and must be considered in determining the appeal, and we proceed to the consideration of the questions arising on the whole record.
The petition consists of two. paragraphs. The first contains this language: “The plaintiff, Adam W. Harper, states that on the — day of September, 1871, in the county of Woodford, Jacob .and Betsey Harper were murdered; and afterward, on the — day of-, the defendant, J. Wallace Harper, when speaking of said murder in the presence and hearing of divers persons, spoke concerning the plaintiff these slanderous words: ‘Adam W. Harper and John Harper were at the head of the murder of Jacob and Betsey Harper.’ ”
In the second paragraph it is charged that “on another occasion, when speaking of said murder of Jacob and Betsey Harper, the defendant, J. Wallace Harper, in the presence of divers other persons, spoke concerning the plaintiff these other slanderous woi’ds: ‘I believe Adam W. Hai'per and his son John murdered Jacob and Betsey Harper, and all the neighbors believe it; and I told Adam W. Harper I believed it was so.’ ”
To the fii’st pax’agi’aph the appellee answered, simply denying that he spoke the woi’ds charged. To the second paragraph he.answered in two paragraphs; and the court having sustained a demurrer to the last paragraph, he .withdrew the second and filed an amended answer to the second paragraph of the petition, in which “he denies that he uttered the words or language set out in the second clause or paragraph of plaintiff’s petition; . . . . but states that when interrogated and questioned by Adam W. Harper and others concerning said murder he did use the following language and woi’ds, to wit: ‘All the neighbors believe that Adam W. Harper and his son John were engaged in the murder of Jacob and Betsey *453 Harper, and I am bound to believe it until he proves himself clear;’ which said words were not maliciously spoken, but under the following circumstances.” Then follows a lengthy statement of circumstances, supposed, in a greater or less degree, to point to the guilt of the appellant of participation in the murder. The answer then concludes in these words: “ And at the same time he uttered the words as above admitted many and divers citizens of Woodford County were engaged in trying to discover who were the murderers, as it was their duty to do, and in the careful prosecution of their inquiries many of said citizens had expressed the opinion and belief that Adam W. Harper was guilty of said murder; that such expression of opinion on the part of said citizens was not malicious, but solely in the interchange of view's expressed in the careful prosecution of the inquiries aforesaid; that the defendant did not express any opinion on the subject, and refused to concur in the belief of others until a considerable time had been spent in said inquiry, and until after thesuspicious facts hereinbefore set forth had been ascertained to be true; and he was reluctantly compelled to believe that said Adam W. Harper was guilty of said murder. He so expressed himself, in good faith and an honest belief of the truth of what he was saying, to the plaintiff and prudent persons in confidence, with an honest view and purpose; not with malice, nor with the intention of doing a wrongful act, but solely in the discharge of a high moral and social duty, with a view that the investigation’ might progress and the offenders might be detected and brought to justice, and in so doing he but repeated the expressions and opinions of others; and so he says he did not speak said words maliciously, and is not guilty in manner and form as alleged by plaintiff.”
The appellant demurred to the amended answer, and also moved to strike out of it all that part which purported to plead facts constituting the grounds of appellee’s belief that *454 the appellant was guilty of the murder; but the court overruled both the demurrer aud motion to strike out; to which the appellant excepted. On this state of the pleadings a trial .was had, which resulted, as already stated, in a verdict and /judgment for the defendant.
The first question presented is as to the correctness of the rulings of the court on the demurrer and motion to strike out. So far as the amended answer is responsive to the second ■paragraph of the petition, it is a denial of the speaking of the words charged in that paragraph. The words admitted, although they make the same charge in substance as those get forth in the petition, are not substantially the same words, and are not alleged to be the same. The answer does not therefore amount to a justification of the slander imputed to appellee, because the plea of justification must in general confess the publication as laid in the declaration, or otherwise ■it will be bad on demurrer; and this in consequence of a general rule of pleading which requires the party pleading either to confess the previous matter and avoid it, or to traverse it. (Starkie on Slander, 338.)
But as the amended answer contained a denial of the speaking of the words charged in the second paragraph of the petition, it presented a defense, and the demurrer was properly overruled.
The motion to strike out presents a different question. That which is neither a. defense nor admissible in evidence in mitigation should not be pleaded in an answer, and if it be inserted, it should be stricken out on motion. Did the matter sought to be expunged amount to a defense, or were the facts therein stated admissible, under the answer in this case, in mitigation of damages?
Defenses in actions of slander are of two kinds: First, such as deny the speaking of the words charged; secondly, such as justify. Pleas of justification, it has been said, must *455 admit the speaking of the words charged, and this rule we apprehend is without exception; but having admitted the speaking of the words, we do not suppose it to be indispensable to the sufficiency of the answer that their truth should be alleged.
It has been held in a very large class of cases that words which are prima facie actionable may be justified on account of the cause, the occasion, and the manner in which or circumstances under which the speaking occurred. (Grimes v. Coyle, 6 B. Mon. 301; Paris v. Starke, 9 Dana, 128; Hart v. Reed, 1 B. Mon. 166; Parker v. McQueen, 8 B. Mon. 16.)
These cases establish the doctrine “that malice in publishing the words is an essential ingredient in the cause of action; and that although the law will generally imply it from the mere utterance of slanderous words, yet if they were spoken in the exercise of a social duty, or under circumstances which prima facie show that they were spoken with a good instead of a bad motive, the implication of malice does not arise, or is considered as being rebutted by proof of the occasion of the publication, and must be made out by extrinsic evidence.” It seems that under the former system of practice this defense might be given in evidence under the general issue. (Hart v. Reed, 1 B. Mon. 166; Grimes v. Coyle, 6 B. Mon. 301; Parker v. McQueen, 8 B. Mon. 16.)
But these cases all occurred before the adoption of the Code of Practice. The plea of not guilty, or, as it was called, the general issue, imported more than a denial of the speaking of the words charged. It might indeed be predicated not on a denial of the alleged publication, but on the fact that it was made in an innocent sense or on a justifiable ocoasion. (Parker v. McQueen, 8 B. Mon. 16; Hart v. Reed, 1 B. Mon. 166; Paris v. Starke, 9 Dana, 128; Grimes v. Coyle, 6 B. Mon. 301.)
Indeed the rule was originally the same in slander as in *456 other actions on the case, that the defendant might, under the general issue, give in evidence any matter of defense, whether by way of discharge, excuse, or justification. It was accordingly held for a long time that the truth of the defamatory matter charged might be given in evidence under the general issue; but in Parker v. Underwood (2 Strange, p. 1200) it was held that evidence of the truth of the charge would no longer be permitted under the general issue, because it might take the plaintiff by surprise; and since that time the rule has1 been almost universal, both in England and in this country, except in those states where it has been changed by statute, to exclude evidence of the truth of the charge, and in this country to exclude evidence which even tended to prove it. Such has been the rule in this state, and it has been so long and so often recognized by this court that it ought not now to be changed except by legislative action. (Williams v. Greenwade and wife, 3 Dana, 432; McGee v. Sodusky, 5 J. J. Marsh. 185; Samuel v. Bond, Littell's Select Cases, 158.)
That this rule has been by both the bench and bar deemed unsatisfactory, and- when taken in connection with another rule, which makes an unproved plea of justification conclusive evidence of malice, and authorized it to be considered by the jury in aggravation of damages, there can be no doubt but defendants in this class of cases have been much embarrassed, and have sometimes suffered unjustly.
Even where the words charged were spoken with the utmost good faith, in the full belief of their truth, and where there is considerable evidence tending to establish their truth, it is often a most perplexing question to decide whether to plead not guilty and rely upon such mitigating circumstances as do not tend to prove the truth of the publication, or to take the other alternative, and by justifying run the risk of being able to prove the justification to the satisfaction of the jury, or on *457 failure to have all mitigating circumstances excluded from their consideration.
The earnestness with which counsel for the appellee assailed these rules as incongruous and absurd, and our own inability to reconcile them with our sense of justice, has led us to look carefully into all the cases heretofore decided by this court, and also into the Code of Practice, for a rule more in harmony with sound principles and legal analogies.
The Code of Practice not only abolished all the forms of pleading previously in use, but abolished all merely formal pleas, and now requires the plaintiff to state in his petition the facts constituting his cause of action, and the answer thereto must contain “ a denial of each allegation of the petition controverted by the defendant.”
There is no longer any such plea as that formerly called the general issue, and it is therefore no longer permissible in an action for slander to plead in the old form, “ not guilty in manner and form as alleged;” but the defendant must either deny or confess that he spoke the words charged in the petition. If he denies the publication of the words, he can not give in evidence facts tending to prove they were true, or tending to excuse their publication, for in either case the evidence would contradict the answer, and he would thereby defeat one of the leading objects aimed at in the adoption of the Code; viz., that the pleadings shall present candidly and truthfully the real facts of the case, and thereby indicate precisely what each party will endeavor to prove on the trial.
If a defendant may deny the publication of a charge and then offer evidence of its truth, his answer not only fails to apprise' the plaintiff of what he will attempt to prove, but will absolutely mislead him, and subject him to the very surprise which the rule heretofore existing was adopted to guard against. If, having denied that he spoke the words, he may nevertheless give in evidence by way of avoidance facts *458 tending to show that he had reasonable grounds to believe they were' true, and may claim that he spoke them in the discharge of a legal or social duty on a justifiable occasion, in a prudent manner, he will not only mislead and surprise the plaintiff, but will stultify his own pleading. When he undertakes to prove that he spoke the words under circumstances which justified him in so doing he necessarily admits that he did speak them, and thereby contradicts his answer. This the Code never was intended to permit.
If the defendant desires to give evidence of the truth of the words charged, he should admit the publication and allege their truth. If he desires to justify the publication on the ground that he had reasonable grounds to believe the words were true, he should admit that he spoke them, and state the facts and circumstances relied on for his justification.
Section 151 of the Code provides that in actions for slander and libel “the defendant may allege both the truth of the matter charged as defamatory and any mitigating circumstances legally admissible in evidence to reduce the damages, arid whether he proves the justification or not, he may give ■in evidence the mitigating circumstances.” This 'provision abrogates the rule that an unsustained plea of justification is evidence of malice, and will enhance the damages.
The rule under the Code then seems to be that the defendant may, if he chooses, deny the speaking of the defamatory matter charged; and in a second paragraph he may admit the publication and allege its truth; and in still another he may admit the words, and, without alleging them, to be true or admitting that they were false, justify by alleging such facts as are relied on to excuse their publication.
When the only answer is a denial of the speaking of the words nothing is admissible in evidence which tends either to prove the truth of -the charge or to establish a defense on the ground that they' were spoken on a justifiable occasion.
*459 These rules will harmonize the rules of pleading with the rules of evidence, and preserve the leading principle of pleading contained in the Code, that the pleadings shall inform each party what the other intends to prove, and by allowing a defendant to give in evidence every fact known to him, and every circumstance surrounding him when he spoke the words, will secure him the benefit of all his evidence tending to establish a defense or to mitigate the damages, and will thus secure the trial of every action for slander* or libel on its merits, unembarrassed by technical or inconsistent rules of pleading and evidence.
Tested by these principles, it seems to us that the facts and circumstances set forth in the amended answer should have been stricken out. Whether, if the special facts set forth had been accompanied by an admission of the publication of the words charged, they would have constituted a defense we need not decide. A plea of justification must admit the words spoken. (Townshend on Slander and Libel, secs. 211-216.) This was not done. It is not averred that the words admitted are the same words complained of. The two are not shown by the answer to have been in any way connected. The defendant does not say he spoke the words charged under the circumstances stated, but that he spoke the words which he admits under those circumstances. Under what circumstances he spoke the words charged, if he spoke them at all, he does not say; and it results therefore that if it"was proved that he spoke them, no evidence of their truth or of justification on account of the cause, occasion, and manner of speaking them being admissible under the pleadings to rebut the legal presumption of malice, the plaintiff had a right to a verdict; otherwise the recovery for publishing one slander would be defeated by proof of the circumstances under which another was spoken.
Neither the instructions given nor the rulings of the *460 court on questions of evidence conformed to the principles of this opinion, and a new trial ought therefore to have been granted.
Wherefore the order overruling the motion for a new trial is reversed, and the causé is remanded with directions to award a new trial and for further proceedings not inconsistent with this opinion.