J. W. Croan *v.* J. C. Crenshaw.

**Slander—Words Spoken in Jest.**

An instruction in a slander case is correct which said to the jury that if the words were spoken without malice and in jest and were so understood by those who heard them, the law was for the defendant.

**Malice.**

Malice is an indispensable ingredient in slander, without it there can be no slander in the absence of evidence of special damage.

**Malice.**

Where words spoken are in themselves actionable malice may be presumed from their falsity, but this presumption may be rebutted by evidence.

APPEAL FROM BULLITT CIRCUIT COURT.

September 15, 1876.

OPINION BY JUDGE COFER:

The plaintiff (now appellant) alleged that he and the defendant (now appellee), were rival candidates for the office of county attorney of Bullitt county; that the defendant, on several occasions, charged in his public speeches that the plaintiff had turned against his clients, and instead of defending them, as was his duty, had prosecuted them and sent one to the penitentiary, and came near sending another.

The defendant admitted that he used the words charged in the petition, but alleged that he did so in jest and without malice; and he alleged that those who heard him understood his remarks as made in jest, and not as intending to charge the plaintiff with want of loyalty to his clients. As to whether the charges were made in jest or in malice the evidence was conflicting. The court instructed the jury, in effect, that if the words were spoken without malice and in jest, and were so understood by those who heard them, the law was for the defendant.

This, we think, correctly presented the law of the case to the jury. It required the jury, before rendering a verdict for the defendant, to find from the evidence (1) that the words were spoken in jest, and (2) that they were uttered without malice. This the jury have done by their verdict.

Malice is an indispensable ingredient in slander. Without it there can be no slander in the absence of evidence of special damage, of which there is none whatever in this record. Where words are in

themselves actionable, malice may be presumed from their falsity. *Hart v. Reed,* 1 B. Mon. 166; *Grimes v. Coyle,* 6 Ib. 301. But that presumption may be rebutted by evidence of the cause, the occasion, and the manner in which or circumstances under which the speaking occurred. *Harper v. Harper,* 10 Bush 455, and cases there cited.

This is in no way in conflict with the doctrine announced by Mr. Starkie and cited by counsel. He was there speaking of a libel and not of oral slander. A libel could not well appear to those who read it to be a mere jest, and the mere fact that either oral or written slander was published in jest would be no defense, unless it also appeared that it was so understood by those who heard or read it.

But the better conclusion seems to be that if the alleged slander was uttered without malice and in jest, and was so understood by those who heard it, the plaintiff can only recover by proving special damage resulting from the charge. Malice is the gist of the action, and where that is wanting there is nothing in the conduct of the defendant for which he should be punished. Then the only remaining ground upon which a recovery is possible is that the plaintiff has sustained an injury for which he ought to be compensated. But if the defendant spoke in jest and without malice, and those who heard the alleged defamatory words understood them to be spoken in jest, the plaintiff has sustained no injury and ought not to recover. Leading Cases on the Law of Torts, 118-120.

The instructions asked by the appellant were inconsistent with the law as herein stated, and were properly refused.

Judgment *affirmed.*

*J. W. Croan, S. M. Simon, for appellant.*
*R. H. Field, for appellee.*