## D. B. GOODE v. CRAIG T. WALL.

**Slander—Malice.**

> In a slander suit it is error for the court to charge the jury that if they believe that any of the actionable words charged were spoken maliciously they must find damages in plaintiff's favor, not exceeding the sum claimed by him; for, notwithstanding the words were spoken, the defendant is entitled to overturn or rebut the charge that the words were spoken maliciously. Malice in an action of slander is an essential ingredient, and is a question of fact for the jury.

APPEAL FROM CASEY CIRCUIT COURT.

April 23, 1878.

OPINION BY JUDGE ELLIOTT:

The judgment in this case was rendered before the new code took effect, and although the appellant has not complied strictly with the rules of the court in making the proper indorsement on the record, the error does not authorize the dismissal of the suit. Perhaps the clerk of this court should have refused to docket the suit till the proper indorsement was made. As to the merits of the case, one of the charges made by plaintiff in this action of slander was that the defendant had maliciously, in the presence of divers persons, spoke of the plaintiff these words: "I (meaning the defendant) never chloroformed Owen Southerland and stole his money, and you (meaning plaintiff) did." These words, charged to have been maliciously spoken, were almost literally proved by one or two witnesses, and the only remaining question is as to whether or not the court erred to appellant's prejudice in its instructions to the jury.

By the first instruction the court tells the jury that if they believe that any of the actionable words charged were spoken maliciously, that they must find damages in plaintiff's favor not exceeding the sum claimed by him. According to this instruction, when actionable words are proved against a defendant in an action of slander the presumption that he uttered the words maliciously becomes absolute, and cannot be either overturned or rebutted by him.

At common law, if actionable or slanderous words were spoken of another without excuse or justification, the prima facie presumption was that they were spoken maliciously; but the defendant had a right to show that the words were spoken in jest on an occasion which would rebut the presumption of malice arising from the fact that they were false.

In *Trabue v. Mays*, 3 *Dana* 138, this court said: "Malice is an essential ingredient in the action of slander, and is a question of fact, which falls peculiarly within the province of a jury to determine. The court has no right to look into the testimony, and to determine, as a question of law, that a certain state of proof was evidence to show malice, and increase the damages, when there might be another and different construction on the proof in the cause, from which a different motive than the one ascribed by the court, might be deduced, which would tend to show a less degree of malice, and go to extenuate the damages, rather than to increase them."

In the case of *Williams v. Gordon*, 11 Bush 693, this court decided that when the defendant, Gordon, made the false charge that

plaintiff, Williams, was a horse thief the presumption is only prima facie that the words were spoken maliciously.

The court, therefore, by instructing the jury that the uttering of false and actionably slanderous words by the appellant was conclusive evidence that he had uttered them maliciously, erred to appellant's prejudice, and therefore the judgment is *reversed* and cause remanded for further proceedings consistent with this opinion.

*John S. Van Winkle, Sanxey & Warren, for appellant.*

*A. J. & D. James, for appellee.*