Anderson J.
delivered the opinion of the court.
The court is of opinion, that the Circuit court erred in overruling plaintiff’s motion to exclude from the jury the testimony of George Deskins, the plea not describing the payment, as the witnesses’ testimony tended to prove, so as to give the plaintiff notice of its nature, as required by section 4, chap. 172, of Code of 1860. The motion to exclude was made and over *324 ruled before tbe cause was given to the jury; but it does not appear from the record, that the point was saved by the plaintiff, or any notification given that it would be saved, until after the verdict was rendered. The rule of practice, which is sanctioned by this court in Wash. & New Orl. Teleg. Co. v. Hobson Son, 15 Gratt. 122, 138, and by a more recent decision, in the case of Martz’s ex’or v. Martz’s heirs, 25 Gratt. 361, is that notice must be given at the time of the ruling of the court, or at least before verdict, that the point will be saved, though the bill of exceptions may be drawn up and signed, any time during the term. This case may therefore be considered on its merits, and in connection with the testimony sought to be excluded, as presented by the first bill of exceptions.
And the court is of opinion that the facts proved, did not justify the verdict of the jury. James P. Kelly was executor of John M. Witten, and administrator of H. P. Peery. The latter in his lifetime obtained a judgment for debt, against the former, John M. Witten, and William W. Peery, the defendant here. John M. Witten and H. F. Peery having both died subsequent to the judgment, this proceeding was instituted by James P. Kelly administrator of the latter, to revive the judgment in his name, against Wm. W. Peery the survivor, who pleaded payment.
After the death of John M. Witten, a bond for $4,000, which had been executed to him in his lifetime by one Toomy for land, came into the hands of his executor, the said Kelly, which Toomy was desirous to pay. He held the bonds of George Deskins, and his son-in-law Owens, for $5,500, and agreed that he would receive from Deskins, and credit on his and Owens’, debt, any paper that J. P. Kelly, Witten’s executor, would receive and credit upon his indebted *325 ness to Witten. Deskins obtained an assignment 'from H. F. Peery for value, of his said judgment against Witten and Wm. W. Peery, amounting then to $2,032.78 cents, which he assigned to Toomy, who, according to this testimony, gave credit on his and Owens’ indebtedness to him for the amount thereof. It seems that Kelly as executor of Witten refused to make payment of said judgment; but as an accommodation to the parties, he was willing to credit Toomy’s bond to Witten, with the amount of the judgment, whereby he became personally liable to the estate of Witten for that amount, and to take an assignment of the judgment for his indemnity. It does not appear that he was benefited to the amount of one cent by the transaction; his only object seeming to be to facilitate an adjustment between the parties. And to make himself safe, he required that the judgment should be assigned to himself. So that whilst he by crediting Toomy’s indebtedness with the amount of the judgment, assumed a liability therefor to the estate of Witten, he held the unsatisfied judgment against J. M. Witten and W. W. Peery both, by the assignment of H. F. Peery, George Deskins, and Toomy, to make him safe.
The court is of opinion that said transaction was unquestionably legitimate, and from aught that appears, is not liable to objection on the ground of any unfairness. The said James P. Kelly thereby became invested with the beneficial interest in the joint judgment against both John M. Witten and Wm. W. Peery. It was therefore competent for him to maintain the writ of scire facias against Wm. W. Peery, survivor, to revive the judgment against him in his name as administrator of H. F. Peery, for whom the original judgment was rendered. And the court is of *326 opinion that it was not competent for the defendant to rely upon the assignment of said judgment to-James P. Kelly, in his defence to this proceeding, as a payment, and that the verdict of the jury is plainly and palpably contrary to the law, and the evidence. The court is therefore of opinion to reverse the judgment without prejudice to any equities between Witten and W. W. Peery, which may hereafter be asserted in a proper proceeding; and to remand the cause, with instructions to set aside the verdict, and to grant the plaintiff a new trial; which shall be proceeded with in conformity to the principles herein declared.
The judgment was as follows:
This day came again the parties by their counsel, and the court having maturely considered the transeriptof the record of the said judgment and the arguments of counsel, is of opinion, for reasons stated in writing and filed with the record, that the transaction on the part of the plaintiff in error set out in his bill of exceptions Ko. 1, was unquestionably legitimate, and, from aught that appears, is not liable to objection on the ground of unfairness; that the said James P. Kelly thereby became invested with the beneficial interest in the joint judgment against both John M. Witten and William W. Peery; that it was, therefore, competent for him to maintain the writ of scire facias against William W. Peery, survivor, to revive the judgment against him in his name of administrator of H. P. Peery, for whom the original judgment was rendered, and hence it was not competent for the defendant to rely upon the assignment of said judgment to James P. Kelly, in his defence to this proceeding, as a payment; and accordingly that the verdict of the jury is plainly *327 contrary to the law and the evidence, and the said Circuit court erred in refusing to set the same aside on the motion of said plaintiff.
It is, therefore, considered, that for the error aforesaid, the said judgment of the said Circuit court be reversed and annulled, and that the defendant in error pay to the plaintiff in error his costs by him about his said writ in this behalf expended; and the causéis remanded to the said Cii’cuit court with instructions to set aside the said verdict and grant a new trial, to be conducted in conformity with the principles herein declared. But this judgment is to be without prejudice to any equities between Witten and William W. Peery, which may hereafter be asserted in a proper proceeding.
■Judgment reversed.