Staples, J.,
delivered the opinion of the court.
This was an issue demsavit¡ vel non. The jury having found in favor of the will, the appellants, who were the defendants below, moved the court to set aside the verdict, as manifestly contrary to the law and the evidence, and grant them a new trial; which motion was overruled; and the appellants excepted. And thereupon the court certified all the evidence given on both sides.
In this certificate it was stated that the appellees, who were the propounders of the will, introduced Mrs. Elizabeth Lambert as a witness (the widow of Joseph Lambert, one of the legatees under the will) to whom tire appellants objected as incompetent; but the court overruled the objection and permitted the witness to testify.
This ruling of the court is one of the errors assigned in the petition for an appeal. It does not appear, however, that the appellants excepted to the opinion of the court permitting the witness to testify, or intimated a purpose or desire to save the point. The fact that objec *64 tion was made at all to the witness only appears from the certificate of the evidence given by the judge upon overruling the motion for a new trial. Conceding that the court erred in its decision, can the appellants rely upon it here as ground of reversal ? In Peery's adm'r v. Peery, 26 Gratt. 324, the latest case upon this point, it was held to be the established rule of the court, that notice must be given at the time of the ruling, or at least before verdict, that the point will be saved, although the bill of exceptions may be • drawn up and signed at any time during the term. See the cases there cited in support of this view.
It is said, however, that upon an issue out of chancery, it is unnecessary to take a bill of exceptions; that upon the trial all the proceedings are part of the record in chancery; that the court which tries the issues only certifies the verdict, and that carries with it all the proceedings belonging to the verdict, the empaneling of the jury, the points ruled by the court at the trial, and, in short, anything which is regularly made a part of the record. In support of this position the counsel rely upon the case of Watkins and Wife v. Carlton, 10 Leigh 560. That case does not, however, decide that a bill of exceptions is not necessary upon the trial of an issue out of chancery. It merely decides that when exceptions are filed to opinions of the court and made a part of the record, and the court of law certifies the verdict, although it does not expressly certify the exceptions, yet all the proceedings upon the trial of the issues spread upon the record thereof, constitute part of the certificate of the verdict, and with it becomes part of the chancery record. Ho case has been cited in which it is held that upon the trial of an ordinary issue out of chancery it is unnecessary to take a bill of exceptions to an objectionable ruling of the court with respect to the. admissibility of *65 evidence, or at least in some form to indicate a purpose to insist upon the point as ground of error.
In Fitzhugh’s ex’ors v. Fitzhugh, 11 Gratt. 210, it was held that upon an issue out of chancery the verdict of the jury is conclusive, unless there is an exception spreading the facts upon the record. If in an action at common law a party is held to have waived Ms objection by his failure to save the point in due season, it is difficult to see why he should not he held equally to have done so in a like case upon the trial of an issue out of chancery. The very same principles, it would seem, must apply in both cases. However tffis may he, and without undertaking to decide the point, it is sufficient to say that the rules which govern upon an issue out of chancery for the trial of a disputed fact to satisfy the conscience of the chancellor, are very different from the rules wMch govern upon an issue devisavit vel non. In the former case the issue is a mere incident to the suit in chancery. It is directed merely to satisfy the conscience of the chancellor. If the issue is tried before a court of common law, the latter court is but ancillary to the court of chancery, it has no jurisdiction except what is conferred by the chancellor. It may certify agamst the verdict, if, in its opinion, contrary to the evidence; but it cannot grant a new trial. If the chancellor is not satisfied with the verdict, he may set it aside and award a new trial of the issue, or he may proceed to decide the cause without the intervention of another jury; and although there may have been a misdirection by the common law court, the verdict will not be disturbed if it appears to be right upon a consideration of the whole case. The principles of law governing in tMs class of cases are fully discussed in Watkins and wife v. Carlton, 10 Leigh 560; Brockenbrough’s ex’or v. Spindle’s *66 adm’r, 17 Gratt. 21: Powell and wife v. Manson, 22 Gratt. 177.
On the other hand, the issue devisavit vel non is a g^a^ory proceeding. “It is the sole object, and not the mere incident of the suit.” It is not intended to inform the conscience of the court, which is bound to decree according to the verdict, unless for good cause shown a new trial is granted. It is a probate jurisdiction exercised by the jury in order to the final probate of the will.
In Coalter’s ex’or v. Bryan and wife, 1 Gratt. 18, 85, Judge Baldwin, delivering the opinion of the court, said : “ The equitable becomes for the occasion a legal forum, and the proceedings are according to the course of the common law. In practice, the mode of saving questions decided by the judge during the trial is the same, to-wit: by bill of exceptions. * * Errors committed on the trial of the issue cannot be reached directly by an appellate forum, but must form the subject of a motion to the chancellor in the chancery cause for a new trial, and if improperly refused by Mm, an appeal lies from his decree.” See also Malone’s adm’r and others v. Hobbs and others, 1 Rob. R. 346, 389.
According to these principles it would seem to be clear that upon the trial of an issue devisavit vel non, the mode of proceeding upon the trial is substantially the same as upon the trial of common law actions. In this ease, therefore, the appellants having submitted to the ruling of the court against them without exception, can'not now be heard to insist upon the error, if such there be, as ground of reversal. What is here said equally applies to the testimony of another witness, James Cun ditf, wMch was objected to upon the ground that a , proper foundation had not been laid for its introduction; *67 but no exception was taken to the ruling, nor any pur- , , , , pose expressed to save the point.
The last assignment of error to be considered, is in the refusal of the court below to set aside the verdict as' against the evidence. As already stated, the bill of exceptions contains the testimony, and not the facts. The application to this court for a new trial is therefore subject to the rule which forbids an appellate tribunal to reverse the judgment, unless by rejecting all the parol evidence for the exceptors and giving full force and credit to that of the adverse party, the decision of the court below still appears to be wrong. Bull’s case, 14 Gratt. 621.
The appellees introduced as a witness, ¥m, M. Bishop, the scrivener of the will, the executor named therein and an attesting witness, who proved the execution of the instrument by the testatrix and her capacity to make a will; and there rested them case. The appellants then read to the jury the depositions of the other two subscribing witnesses, wbo testified that the will was not duly executed, and that the testatrix was not at the time of sound disposing mind and memory. Other witnesses were introduced by both parties upon the question of testamentary capacity, and, as is usual in such cases, their testimony is conflicting. If all the evidence oí the appellant in conflict with that of the appellee be rejected, there cannot be a question as to the correctness of the verdict. If all the evidence adduced on either side he considered, it still appears there is such conflict in the opinion and recollection of the witnesses in regard to the capacity of the testatrix and the due execution of the instrument as would preclude this court from any interference with the finding of the jury.
Although in a court of probate it has been held to be necessary to examine all the attesting witnesses to a will, *68 or the number required by law, if to be had, it is not necessary that the material facts shall be proved by more than one. Any one of them may prove the due-execution of the will and its attestation by himself and the others; and if his testimony be satisfactory, it is. sufficient. Pollock and wife v. Glassell, 2 Graft. 439-460. In Dudleys v. Dudleys, 3 Leigh 436, it was held that, where the testimony of one of the attesting witnesses is-directly contradicted by another, and the county and circuit courts both give credit to the witnesses for the-will, this court, upon a mere question of credibility, will always presume that the inferior courts which saw and heard the witnesses examined, decided correctly. A person who signs his name as a witness to a will, by his. act of attestation solemnly testifies to the sanity of the-testator. If he should afterwards attempt to impeach the will upon the ground of the want of sufficient capacity, his evidence will not be positively rejected, but. it is received with the utmost caution. If the jury in this case viewed the testimony of the adverse witnesses, with some degree of suspicion, and gave credit rather to the witnesses sustaining the will, upon the score of intelligence or integrity, this court cannot say from anything-contained in the record, they erred in their conclusions; more especially as their finding is approved by the judgepresiding at the trial. Ford v. Gardner, 1 Hen. & Munf. 72; Jesse v. Parker, 6 Gratt. 57.
Upon the whole, we are of opinion the decree of the= circuit court must be affirmed.
Decree affirmed.