# JUNE TERM.

# WHEELING.

## CORE v. MARPLE.

Submitted June 23, 1884—Decided June 28, 1884.

When an instruction is given to the jury without objection at the time, and no exception or notice of exception is taken or given before the verdict is returned by the jury, the giving of the instruction cannot be a ground for setting aside the verdict and granting a new trial of the case.

The facts of the case are stated in the opinion of the Court.

*C. C. Davis* for plaintiff in error.

No appearance for defendant in error.

SNYDER, JUDGE :

This a is writ of error to a judgment of the circuit court of Pleasants county rendered April 23, 1880, in an action of unlawful detainer brought by the plaintiff, W. G. H. Core, against John Marple. It appears from the bill of exceptions that on the trial the defendant read in evidence to the jury a record showing that, in 1875, Samuel White instituted an action of ejectment against the defendant Marple and that said White, after the trial had commenced but before the jury had returned the verdict, suffered a non-suit in that action which the court confirmed; that it was proved on the trial in this action that the land sought to be recovered was the same that was sued for in that action and that the plaintiff, Core, claims said land by title acquired from said White since the institution of said ejectment. Thereupon at the instance of the defendant the court in effect instructed the jury that the plaintiff, Core, was concluded by the proceedings in said ejectment and they must find for the defendant. No objection was then made or exception taken to said instruction, but after the jury had returned their verdict for the

defendant the plaintiff moved the court to set aside said verdict and grant him a new trial on the ground that the court had misdirected the jury by giving said instruction, which motion the court overruled and the plaintiff excepted.

While there can be no question that a plaintiff by suffering a non-suit does not deprive himself of the right to bring a new action for the same cause of action, and the judgment of the court on such non-suit will not conclude his right to recover in such new action, and that, therefore, the instruction complained of, if it had been properly excepted to, would be held erroneous, still, in this case we must hold, notwithstanding said apparent error, that the court did not err in overruling the plaintiff's motion for a new trial on that ground.

It must appear from the record that an objectionable ruling of the court during the trial before the jury was saved before the jury retires, though the bill of exceptions may be prepared and signed after the trial at any time during the term— *Wickes* v. *B. & O. R. R. Co.*, 14 W. Va. 157; *Martz* v. *Martz*, 25 Gratt. 361.

In *Perry* v. *Perry*, 26 Gratt. 320, a motion was made to exclude from the jury the testimony of a witness and was overruled before the case was given to the jury; but it did not appear from the record, that the point was saved by the party, or any notification given that it would be saved, until after the verdict was rendered; and the court held that the rule of practice required that notice must be given at the time of the ruling of the court, or at least before the verdict, that the point will be saved and it was too late to do so after the verdict had been returned— *Wash. & N. O. Tel. Co* v. *Hobson*, 15 Gratt. 122. In *Lambert* v. *Cooper*, 29 Gratt. 61, this is stated to be the established rule of the court— *Id.* page 64.

In *Danville Bank* v. *Waddill*, 31 Gratt. 469, it is held that, "If an instruction is given to the jury without objection at the time, and no exception, or notice of exception, is taken or given before the verdict is rendered, the giving the of instruction cannot be a ground for setting aside the verdict and granting a new trial of the cause."

The principal reason for this rule seems to be that an objection made or exception taken after the verdict has been

rendered might affect very injuriously the rights of the opposing party; for, if notice had been promptly given of the exception he might have had it in his power at the time or during the trial to obviate or counteract it, and it would, therefore, be unjust to permit his adversary to insist on the exception and have the benefit of it after he has made it impossible to meet or obviate it by his own negligence or it may be by his contrivance. Very often evidence is offered or instructions asked which may not be regarded entirely free from objection by the party offering the same and without any serious desire to have the same go to the jury, but which, not being objected to, does go to the jury. In such case if objection had been made at the time, such evidence or instruction would probably have been withdrawn by the party or rejected by the court. It would in such case be unjust to the opposite party and unfair to the court as well as a premium to negligence and sharp practice to allow the party to have the verdict set aside. For these and other obvious reasons a party cannot be permitted to take his chances with the jury and at the same time hold in reserve some inadvertence or avoidable mistake to destroy and set aside the verdict if it happens to be against him.

I am, therefore, of opinion both upon authority and reason that the circuit court did not err in this case in its refusal to set aside the verdict of the jury. This conclusion is based entirely upon the ground that the plaintiff failed to make his objection at the proper time. The judgment of the circuit court is consequently affirmed with costs and damages.

AFFIRMED.