# CHARLESTON.

## GRAHAM BROS. v. CARROLL.

Submitted January 25, 1886.—Decided March 27, 1886.

1. A refusal to set aside a verdict and grant a new trial can not be ground of error in the appellate court, when it appears, that the only ground, on which it was asked in the court below, was the refusal to grant an instruction, which had not been excepted to. (p. 794.)

2. It is not in the power of a county to authorize individuals to make a county-road established by said court and then for a number of years to charge toll to reimburse them for making such road. (p. 795.)

3. When a bill of particulars before a justice was for "toll on a county-road" and was not objected to there or in the circuit court, where the case was tried on appeal, and evidence was given to show that the plaintiffs were entitled to recover on agreement for building a road for the benefit of defendant in part, and the evidence tended to show, that defendant had agreed to pay a certain sum for building the road, and the verdict was for plaintiff, HELD:

There was a sufficient consideration for such promise, and the court did not err in refusing to set aside the verdict.

*J. H. Miller* for plaintiff in error.

*W. W. Adams* for defendant in error.

JOHNSON, PRESIDENT:

The plaintiff brought an action before a justice of Summers county against the defendant to recover a judgment on the following account or bill of particulars:

"M. A. CARROLL TO GRAHAM BROS., DR.

| | | |
|---|---|---|
| "July 1, 1881. Road toll payable July 1, 1881. .. .. ...... | $50 00 |
| "Road toll payable October 1, 1881.. . .. .... | 50 00 |
| "Road toll payable January 1, 1882.. ..... .. | 50 00" |

The bill contained other items not necessary to state. The justice rendered a judgment in favor of the plaintiffs for $109.00, from which the defendant appealed to the circuit court of Summers county, where the case was tried by a jury, and a verdict and judgment rendered for plaintiffs for $106.00 and costs. The defendant moved to set aside the verdict and for a new trial, which motion the court overruled, and the defendant excepted.

To the judgment the defendant obtained a writ of error.

A bill of exceptions was taken during the trial, which certifies the whole evidence, by which it appears, that the plaintiff introduced the following order made by the county court of Summers county on January 28, 1881:

"Upon the petition of Thomas F. Gains and a number of other citizens of Green Sulphur district of this county, all of whom appear to the court to be interested in the opening

and completion of the unfinished part of the county-road leading from Laurel creek church to New Richmond depot, and for reasons appearing to the court, the firm of Graham Bros. here in court agreeing and consenting to and accepting the lease of said road for a term of six years, doth order that the said road be, and the same is hereby let, or leased to said Graham Bros. upon the following terms and conditions, viz: They the said Graham Bros. are to open and complete the unfinished part of said road, upon the location already established, as a county road and as indicated in the application and petition aforesaid, so as to make the same a good, substantial county road within a reasonable time from this day, and are hereby granted and allowed, the exclusive right to said road for the term of six years, for the purpose of hauling timber or lumber over the said road, and no person shall have the right to use the said road for the purpose of lumbering or timbering over, or upon said road during the term of this lease without the consent or permission of said Graham; it is further ordered that for all other legitimate purposes and uses, said road shall be open and free to the public generally."

One of the Graham's testified, that after the order of the county court was made, the defendant, Carroll, and himself walked over the ground and talked of building the road together, that finally Carroll said: "You go on and build the road;" that after the road was made Carroll agreed to pay the plaintiffs $150.00, and help keep the road in repair; that this agreement never was changed except as to keeping the road in repair; that the road was made in part over the land of Carroll, who had a steam-saw-mill so situated, that the lumber made there had to be hauled over the road. He also testified that after the said order was made, and both before and after the road was made, defendant and himself walked over the ground and talked about the making of it, and that defendant had a large quantity of timber on the land, through which the road ran; that he insisted on defendant paying him for the right to haul what timber defendant then had on hand over said road, and defendant agreed to pay him $150.00 for the privilege, and did pay $50.00; that afterwards a dispute arose about keeping the road in repair, and defendant

sent one Payne and one Flanagan to see plaintiffs and settle it. They agreed to and did divide the road into two sections, one of which was from that time kept up by plaintiffs, and the other by defendant. Nothing was said about the $150.00 agreement. Plaintiffs wrote a letter to defendant in these words:

"NEW RICHMOND, W. VA., February 4, 1882.
"*Mr. M. A. Carroll, Charlottesville, Va.* :

"DEAR SIR:—Mr. Payne was to see us to-day for you about the road, and we concluded that the most practical way to fix the matter would be, to divide the road into two equal sections, and each party keep in repair a section, except that we make good the damage done to both sections by teams that pay us toll (besides yours and ours). And we suggest further that each party be responsible to the other for damage sustained by the failure or neglect to keep in reasonably good repair his section of the road. This or any other reasonable method of settling the matter permanently will be satisfactory to us.

"Yours very respectfully,
"GRAHAM BROS."

To this letter defendant replied as follows:

" CHARLOTTESVILLE, Feb. 27, 1882.
" *Messrs. Graham & Bros., New Richmond, W. Va.*

" DEAR SIRS :—Your letter dated the 4th inst. was received a few days ago, and I suppose was mis-dated. I will accept your proposition as stated in your letter. Hoping this will be a final settlement about the road, you can draw the contract *agreeable* to your letter, and send it to me for signature, and I will copy and return.

" Yours respectfully,
" M. A. CARROLL."

Defendant testified, that he agreed to pay $150.00 and did pay $50.00 of it, because the plaintiffs claimed a lease from the county on the road and asserted, that they had a right to charge toll for hauling timber over the road, and that at that time he supposed they had a legal right to make such charge. When the dispute arose, he agreed to divide the road and keep a section in repair, and accepted the

proposition of the plaintiffs in their letter before referred to. Nothing was said about the $100.00.

Defendant offered, what he called a deposition of M. Flanagan. It was objected to and rejected, on the ground that the court did not consider it a deposition. I suppose it was taken without notice. It had not been excepted to. The court offered to give the defendant a continuance at his costs, but the defendant said he would go on with the trial. Defendant also testified, that he kept in repair the section agreed upon, and that he expended $153.00 thereon ; that plaintiffs in making the road used about $100.00 worth of his timber. The defendant's sets-off filed were as follows :

"Cash paid on road account.    ........   .....:....     ...     $ 50 00
" Timber used in building road............ .   ....   .. 100 00
" Work done on road......      .. .    .    .    ... 153 00"

Defendant further testified that his sets-off were correct ; also that plaintiffs sent him a contract to sign, but he refused to sign it, because it required him to pay the $100.00 in addition to keeping the road in repair.

Defendant asked the court to instruct the jury, " that if they believed from the evidence that the items embraced in the plaintiff's bill of particulars were for toll on a county-road then they must find for the defendant." The court declined to give the instruction as asked, but instructed the jury, "that the county court had no right to make such an order as the one before referred to ; that if the jury believe from the evidence that Carroll induced Graham to make the road, and after the road was made, agreed to pay for it, the agreement was binding." There was no exception to the refusal or to the giving of instructions. Verdict being rendered for plaintiffs, defendant moved to set it aside, which motion was overruled, and the defendant excepted. There was no objection made to the plaintiff's bill of particulars, and no objection to any testimony other than that we have noted to the admission of evidence.

It is assigned as error, that the court refused to give the instruction asked. No exception was taken to the refusal of the court to grant the instruction asked or to the instruction given. The giving or refusing of instructions under such circumstances can not be ground for setting aside the verdict and granting a new trial. (*Core* v. *Marple*, 24 W. Va. 354.)

Did the court err in refusing to set aside the verdict and grant a new trial, on the ground that the verdict was contrary to the law and the evidence? It is insisted, that the order of the county court, which, it is claimed, is the foundation of the plaintiff's action, is void and could not be the basis of a recovery. The order was clearly *ultra vires* and therefore void. There is no authority for the county court making such an order. It is against public policy. It is not within its power to grant a charter to individuals authorizing them to make a county road, and then reimburse themselves by charging tolls to the citizens for any use of such road. It is claimed, that the bill of particulars showed, that the items of charge against the defendant were for "toll on a county-road," and that no recovery could be had for such items. No objection was made before the justice or before the circuit court to the bill of particulars; and no objection was made to the evidence offered in support of the bill. While no recovery could have been legally had for toll on a county-road as such, yet if there was sufficient in the evidence unobjected to, to justify the jury in rendering a verdict for plaintiff, this Court under such circumstances would not set aside the verdict and grant a new trial. The jury was justified in believing from the evidence, that Carroll had a mill on his land, through which the new road made by the plaintiffs ran; and that he very much needed a road, over which to haul his lumber; and that he contemplated assisting the plaintiffs in making the road, but told them to go on and make it, and he would pay them $150.00, and actually paid $50.00 thereof; that afterwards he made a contract to keep one half the road in repair, the plaintiffs agreeing to keep up the other half. Although the plaintiffs had no right to charge him toll, yet the work, which they did on the road, was a sufficient consideration to support a promise to pay the money he agreed to pay. These facts warranted the jury in finding the verdict they did; and the court did not err in refusing to set it aside.

The court did not err in refusing to admit in evidence the so-called deposition of Flanagan. It did not appear that it was taken on notice; and besides no exception was taken to the action of the court in excluding it.

The judgment is affirmed.

AFFIRMED.