## STATE OF MAINE *vs.* MOSES CALL.

When a party in the Court of Common Pleas files exceptions to the opinion of the Judge, and at the same time moves for a new trial for alleged misconduct in the jury, the Judge has the right to require such party to make his election to insist on his exceptions, or rely on his motion; and his election to proceed on his *motion for a new trial* is a waiver of his right to except to any decision of the Judge made *during the trial of the action.*

*Call* was indicted and tried in the Court of Common Pleas for an offence. During the trial several objections were made by the counsel of *Call,* presenting questions of law, which were overruled by *Smith J.* presiding at the trial. The jury returned a verdict of guilty. The counsel of *Call* wished to file exceptions to the ruling and opinions of the Judge, and also to be heard on a motion for a new trial, because of the alleged misconduct of some of the jurors. The Judge ruled, that the accused might, if he saw fit, file exceptions, and upon their being allowed, all further proceedings would be stayed in the Court of Common Pleas, and it was left to his election by the Judge, to file exceptions, or rely upon the motion for a new trial. *Call* elected the latter, and the case was continued until the next term, when a hearing was had on the motion for a new trial. The Judge was of opinion, that the motion for a new trial was not sustained, and refused to grant it. Exceptions were then filed to the ruling of the Judge during the trial, and for refusing to grant a new trial.

All the questions were argued, by *Mellen* and *Farley,* for *Call,* and by *Clifford, Attorney General,* for the State.

THE COURT HELD, that the Judge of the Court of Common Pleas had the right to put the accused to his election, to file exceptions, or waive them and proceed on his motion for a new trial ; and that his election of the latter course, was a waiver of his right to except to any ruling of the Judge, during the trial. No opinion, therefore, was given on the questions of law argued on the exceptions.

In relation to the motion for a new trial, it was remarked, by *Emery J.,* who delivered the opinion of the Court, that the proof of misconduct in jurors should be unequivocal, and fully satisfac-

tory, to induce the Court to set aside their verdict ; that this was a motion addressed to the discretion of the Court; and that whether this Court could, or could not, grant a new trial on exceptions to the decision of the Judge of the Court of Common Pleas, denying such motion, in this case they perceive no cause to interfere.