Thomas J. Hall and William Elkins, Plaintiffs in Error, vs. B. B. Stancell, use of B. C. Franklin, Defendant in Error — Writ of Error from Walker County.

All exceptions to the charge of the judge, or to his refusal to charge, should be made as they occur; and then, if signed and sealed by the judge during the term, it will be sufficient. If such exceptions are not taken until after the trial of a cause, they cannot be considered in the appellate court.

Where suit had been brought upon a note not negotiable, and a third party had interpleaded, claiming to be the true owner of the same, and proved by a witness his purchase of a note similar to the one sued upon, and that he had placed it in the hands of a justice of the peace for collection, but the witness could not say that the note sued on was the same one, it was error in the judge to refuse to allow the justice's receipt to be given in evidence for the purpose of proving its identity.

Yoakum for plaintiffs in error.

Jones and Alexander for defendant in error.

The material facts of the case are stated in the opinion of the court, delivered by Mr. Justice LIPSCOMB.

This suit was originally brought before a justice of the peace, on a note of hand, of which the following is a copy:

"On or before 25 of December next, we promise to pay to B. B. Stancell sixty dollars, for value received of him; witness our hands and seals, January 28, 1846."

(Signed) { "WILSON RACKLEY,
{ "THOMAS J. HALL."

On which was the following indorsement: "Pay the within to the bearer, B. B. Stancell. I guarantee the payment of this note, January 16th, 1847.

J. MERRITT."

The suit was brought in the name of Stancell, for the use of Franklin. On the return of the summons, Elkins asked leave to interplead, claiming to be the true owner of the note; and that he had put the note into the hands of Merritt, who was a justice of the peace, for collection. His interpleader was allowed, and judgment rendered in his favor on the note; from which Franklin appealed to the district court, in which court Franklin obtained judgment.

Accompanying the record there are several exceptions to the charge of the judge, on the trial, that need not be specially noticed, because they appear not to have been taken until after the trial. There can be no question that all objections to the charge of the judge, or to his refusal to charge, should be made as they occurred; and then, if the judge signed and sealed them during the term, it would be sufficient. The exceptions not having been so taken in this case, they cannot be considered by this court.

The statement of facts presents all the evidence on the trial, by which it appears that Elkins proved his ownership of the note, and that it was placed in the hands of the justice of the peace for collection; and, in the course of making out his right to the note, offered to prove and give in evidence the receipt of the justice of the peace, which is as follows, i. e.: "Re-

ceived of William Elkins a note, due on or before the 25th December, 1846, payable to B. B. Stancell, for sixty dollars, dated 28th January, 1846, and indorsed 'B. B. Stancell.'"

(Signed) "JOSIAH MERRITT, J. P."

This evidence was refused by the court.

We will proceed to inquire whether this testimony ought to have been received or not. The note sued on was not of that description to give it, legally, currency by delivery. It could only be transferred by indorsement; and the fact of its having been indorsed by the payee to bearer could not enlarge its negotiable character. The plaintiff seems to have been aware of this, and did not pretend to sue in his own name, but only to his use, setting up to be the equitable owner. Franklin's right was an equity; Elkins' was of the same character; and it is a well established rule that, in such cases, the superior equity must prevail. The statement of facts shows that Elkins had proved, by a witness, his purchase of a note of the description sued on, and had placed it in the hands of Merritt, a justice of the peace, for collection; but the witness stated that he was illiterate, and could not say whether the note shown to him was the same identical one. This proof of identity was important in supporting the equity of Elkins, and it does not appear that it could be well objected to on any known rule of evidence.

If this proof had been made, in the absence of any evidence on the part of Franklin that he had paid a valuable consideration for the note, there can be no doubt it would have entitled him to a verdict, on the ground of having the superior equity. The only question is, can the court notice this error in the rejection of the evidence offered?

It is the most usual, and believed to be the most correct, practice, to present a question of this sort by a bill of exceptions; but this court has, on more than one occasion, decided that a point to be revised must be presented by a *bill of exceptions*, by the *statement of facts*, or by *error apparent on the record*. The point is here apparent by the *statement of facts*. The statement of facts is a part of the record. The

error relied on, then, is believed to be presented in two of the modes required, and believed to be presented in such form as to enable the court to exercise the revising power. The judgment, must, therefore, be reversed, and the cause remanded.