### MOORE V. JANES.

Where the defendant in error, after thirty days, filed the transcript and moved an affirmance of the judgment without reference to the merits, the indorsement on the transcript being "demanded by the defendant," who was the plaintiff in error, the motion was refused, the writ of error dismissed, and the defendant in error condemned to pay the costs.

Error from Bowie.

*Ellett*, for plaintiff in error.

*Morrill*, for defendant in error.

WHEELER, J.  This case differs from that of Harris *v.* Williams in no other respect than that there is indorsed upon the record that it was *demanded by*

*the defendant,* who is the plaintiff in error. It does not appear by what means the defendant in error obtained possession of the record. It seems [341] properly to have belonged to the custody of the opposite party. It could never have been intended that the appellee or defendant in error should have the benefit of an affirmance without reference to the merits in any other than those cases where the appellant or plaintiff in error shall be wholly in default, and the appellee or defendant in error shall himself have obtained the record and brought himself, in every other respect, precisely within the terms of the statute. This the appellee in the present case does not appear to have done. And we are of opinion that the same judgment be rendered in this case as that which has been just pronounced in the case of Harris *v.* Williams.

Ordered accordingly.