GAINES AND WIFE v. SUMMERS.

1. PLEADING: *Uncertainty: What cured by answer.*
   A complaint for the value of services performed, alleged the services in general terms, and their value, and referred for particulars to an account attached to the complaint and made part of it. The account was not in fact attached to the complaint, but was filed with it, duly verified. The defendant, without objection to the complaint, answered, simply denying the value of the services. *Held:* That the answer cured any supposed uncertainty in the complaint.

2. PRACTICE: *Motion for new trial: Bill of Exceptions.*
   All errors in proceedings at law, which might be remedied by a new trial, are waived unless they are made grounds of a motion for new trial, and the motion incorporated in the bill of exceptions, or referred to therein, as elsewhere copied in the transcript. Where this is not done such errors are not before the Supreme Court.

APPEAL from *Hot Spring* Circuit Court.

Hon. J. M. SMITH, Circuit Judge.

*R. G. Davies* and *J. M. Rose*, for appellant:

The complaint contained no allegations as to when or where the services were rendered; states no cause of action. The right to recover depended upon the customary and usual charges at the place performed. The depositions were irregular.

Gaines and Wife v. Summers.

*Clark & Williams, A. Curl, G. W. Murphy, U. M. and G. B. Rose,* for appellee :

1. The motion for a new trial is not incorporated in the bill of exceptions, or referred to in any way. *35 Ark., 536 ; 34 ib., 420; 30 ib., 585; 28 Ark., 450.*

2. No exceptions were taken to the ruling of the court on the instructions. *32 Ark., 223 ; 28 ib., 8.*

3. The bill of exceptions does not state that it contains all the evidence. *35 Ark., 412 ; 17 ib., 331 ; 2 Eng., 408.*

4. The giving of instructions was not made ground of the motion for a new trial. *34 Ark., 421 ; 26 ib., 536 ; 33 ib., 746.*

There is hence nothing before this court.

EAKIN, J. Summers, an attorney, sued appellants at law, alleging in his complaint that they were indebted to him in the sum of $2,970, "for professional services—work and labor performed by him as an attorney at law, for them, at their request, particulars of which are set forth in an account attached hereto, marked exhibit A, and made a part of this complaint; that the services were worth $3,000, of which $30 had been paid, the rest remaining unpaid." The account itself, which sets forth the general character of the services, was not incorporated with the complaint, but sworn to, and filed with it.

*1. PLEAD-ING: Uncertainty. What cured by answer.*

The defendants, without objection to the complaint, answered, simply denying the value of the services. This cured any want of certainty which might be supposed to exist in the complaint, as held in *Ball et al. v. Fulton Co., 31 Ark., 379; McCreary v. Taylor, 38 ib., 393.*

The issue, thus made, was submitted to a jury, which found for the plaintiff in the sum of $2,000. The record shows that a motion for a new trial was made and over-ruled, and that judgment was rendered in accordance with

*2 PRACTICE: Motion for new trial. Bill of exceptions.*

the verdict.   There was also a bill of exceptions taken, and made part of the record, which alludes to the fact that a motion for a new trial had been made and overruled.   The motion itself, however, is not contained in the bill of exceptions, nor is there any reference to it as contained in any other portion of the transcript.

This court has often held that all errors occurring in the course of proceedings at law which might be remedied by a new trial are waived unless they be made grounds of a motion for a new trial, and that the motion must be set forth in the bill of exceptions, or referred to therein as elsewhere copied in the transcript.   If that be not done, no errors occurring in the progress of the trial, or in any manner affecting it, can be noticed here.   Of this nature are errors in refusal of continuances; in suppressing, or refusing to suppress depositions; in giving or refusing instructions in verdicts; and many others of like nature, which a new trial would reach and remedy, as distinct from errors apparent in the record proper; meaning thereby the record required to be made in case no bill of exceptions had been taken.

We find none in the transcript of this latter class, and can notice no others, for want of a proper showing of the motion for a new trial, and the grounds upon which it was based.   We have not overlooked the fact that, in the record proper, a motion is copied in full, in connection with the proper notation on the record that a motion for a new trial was made and overruled.   But it is not the province of the ordinary record to set forth the motion itself with its grounds; and, to make it a part of the record, it must be brought on by bill of exceptions, either incorporating it, or referring to it as contained in some other part of the transcript.   *Carroll v. Sanders,* and cases cited; *38 Ark., 216; Fry & Co. v. Ford, ib., 246; Knox v. Hellums, ib., 413.*

Affirm the judgment.