# WHEELING.

## DANKS *v.* RODEHEAVER *et al.*

Submitted June 12, 1885.—Decided July 3, 1885.

1. If errors or supposed errors are committed by a court in its rulings during the trial of a case by a jury, the appellate court can not review these rulings, unless, first, they were objected to when made and the point saved and a bill of exceptions taken showing these rulings during the term of the court, and unless, second, a new trial was asked of the court below and refused, and such refusal objected to in the court below, and this appears of record. If either of these essentials is omitted, the appellate court can not review the rulings. It can not review them, unless bills of exceptions were taken to them as above stated, and a new trial was asked and refused, though a bill of exceptions was regularly taken to such refusal, and in this bill of exceptions these rulings of the court during the trial are fully stated, and it appears, that they were erroneous, and that these erroneous rulings caused the jury to find the verdict, which they did find. Nor can the appellate court review such rulings by the judges during the trial in any case, though they were excepted to when made, and regular bills of exceptions were then taken, if no new trial was asked in the court below and refused, and such refusal objected to, and this be noted in the record. (p. 276.)

2. *Core* v. *Marple*, 24 W. Va. 354, approved and also points 2 and 3, in syllabus of *State for use, &c.* v. *Phares*, 24 W. Va. 657-8.

GREEN, JUDGE, furnishes the following statement of the case :

This was an action of ejectment brought in the circuit court of Preston in September, 1880, by Joseph Danks against Isaac Rodeheaver and Ami Frankhauser to recover a certain tract of land in said county described by metes and bounds, and which the plaintiff claims he was possessed of in fee, and on which the defendants entered, and the possession of which they unlawfully withheld to his damage. The defendants pleaded not guilty, and issue was joined on this plea. An order of survey was made by the court. On December 2, 1882 a jury was sworn to try this issue; and on December 4, 1882 they found a verdict for the plaintiff for the land in the declaration mentioned, describing it by metes and bounds; and they further found, that the plaintiff hath title in fee simple to said land, and also found for the plaintiff one cent damages. Thereupon the court rendered a judgment, that the plaintiff recover from the defendants the possession of the premises according to this verdict of the jury together with his damages aforesaid and his costs. During the trial of the case the defendants took two bills of exceptions. The first was to the fact that the court permitted the plaintiff to offer as evidence of his title a certified copy of a deed, which had been transcribed on a record-book of the said county in the office of the clerk of the county court, which deed had been recorded on an acknowledgment thereof before the deputy-clerk of said court in said clerk's office. The second was to the refusal of the court at the instance of the defendant's counsel to instruct the jury "that the deed dated January 12, 1853, did not invest the grantee with the title to the real estate therein described." The record does not show that any motion was made by the defendants for a new trial because of these supposed errors on the part of the court during the trial of the case or for any other reason.

A writ of error and *supersedeas* was allowed to the judgment of the circuit court in this cause rendered December 4, 1882.

*Berkshire & Sturgiss* for plaintiff in error.

*John Barton Payne* for defendant in error.

· GREEN, JUDGE:

The first question in this case is : Has this Court jurisdiction to decide the questions arising · during the trial of this case, which were made parts of the record by regular bills of exceptions signed by the circuit judge setting out his rulings in the case during the trial before the jury admitting the testimony objected to by the counsel for the plaintiff in error and refusing to grant instructions asked by the plaintiff in error, as the plaintiff in error did not ask the court to grant him a new trial but apparently acquiesced in the verdict of the jury, on which the court below entered up the judgment of December 4, 1882, which is now for the first time complained of in his petition for a writ of error presented to this Court? The writ was awarded by the Court and the question is: Ought not this court to decline to consider these rulings of the circuit court during the trial of the case. If the decision of this Court in *State* v. *Phares*, 24 W. Va. 657 decided last September be followed, the rulings can not be reviewed by this Court (syllabus 3 p. 657.) This Court shortly before that on June 28, 1884, in the case of *Core* v. *Marple*, 24 W. Va. 354 decided also that "when an instruction is given the to the jury without objection at the time, and no exception or notice of exception is taken or given before the verdict is returned by the jury, the giving of the instruction can not be a ground for setting aside the verdict and granting a new trial." Much of the reasoning, which sustains either of these decisions, will also sustain the other; and on the other hand many of the objections urged against either of these decisons could be urged as objections to the other. So that these two decisions must both be upheld or overthrown. The principle to be deduced from these two cases in 24 W. Va. is that *if errors or supposed errors of any sort are committed by a court in its rulings during the trial of a case by a jury, the appellate court can not review these rulings, unless first they were objected to when made, and the point then saved, and a bill of exceptions taken showing these rulings during the term of court, and unless, second, a new trial was asked of the court below and refused, and such refusal objected to in the court below, and this appears of record.* If either of these essentials is omitted, the appellate court can not review these rulings. It can not review them, unless

bills of exceptions were taken to them as above stated, even though a new trial was asked and refused, though a bill of exceptions was regularly taken to such refusal, and in this bill of exceptions these rulings of the court during the trial are fully stated, and it appears that they were erroneous and that these erroneous rulings caused the jury to find the verdict they did find. Nor can the appellate court review such rulings by the judge during the trial in any case, though they were excepted to when made, and regular bills of exception then taken, if no new trial was asked in the court below, refused, objected to and this be noted in the record.

We are asked to reconsider the principles settled by these two cases in 24 W. Va., because it is claimed that it is not regarded as a correct principle of practice by the bar of this State, who have considered that these errors of the judge arising during the trial of the case would be reviewed in every case, when the record in any manner showed, that these errors had been committed, and that they were prejudicial to the plaintiff in error, a principle, which, it is claimed, prevails universally in other States. As all the text-books are entirely silent on this subject, it is very natural, that the members of the bar should take up the idea, that this silence was produced by a general admission of the correctness of the principle, on which they claim that the bar of this State had always acted. As this question is a very important one, and so little bearing upon it has been found, we have concluded that we would review the principles settled in these two cases in 24 W. Va.

While the text-writers are silent on this question, yet they state as one of the grounds, on which new trials are granted, the misdirection of the judge during the progress of the trial (see for instance Hillard on New Trials, ch. 2, § 3, p. 24 of 2d Edition;) which would seem to indicate a practice of asking the court below for a new trial because of improper rulings of the judge during the trial; and this would seem to justify the inference, that the asking of such new trial because of such erroneous instruction was proper if not absolutely necessary. If the appellate court could properly review a case because of such erroneous instructions made a part of the record without any new trial having been asked

of the court below, it would seem to be useless to ask such new trial for such cause; and the fact, that this practice generally prevails, would indicate a belief on the part of the bar generally, that the appellate court could not review a case because of such erroneous instructions appearing of record, unless there had been a motion made for a new trial. The reason, I presume, why nothing is said by the text-writers directly on the subject is, that most of the reports of cases, wherein it is presumed, that this question arose, are so briefly and imperfectly reported, that it can not be said with any certainty, whether this point arose, and when we conclude, that it did probably arise, the court in their opinion say nothing directly on the subject; and it would be unsafe to draw any inference from their. decision in the case, as long as there is uncertainty as to whether bills of exceptions were taken at the trial to erroneous rulings of the court, or whether these erroneous rulings appear only in the bill of exceptions refusing or granting the new trial; and it would be equally unsafe to draw any conclusion, where there is an uncertainty whether a motion for a new trial was made. In many of the reported cases these uncertainties exist, it not satisfactorily appearing either from the statement of the case or from the opinion of the court in what form the questions discussed arose. There are many such cases, in which the question, which we are considering, probably arose, but in what form we can not certainly say; and the opinion of the court is so brief and unsatisfactory as to render it unsafe to draw any inference as to their views on this question. The following are some of the many cases of this character: *Bowyer* v. *Chesnut,* 4 Leigh 1; *Thompson* v. *Cummings,* 2 Leigh 321; *Brown* v. *McAllister et al,* 39 Cal. 573; *Dedo* v. *White, Administrator of Fisher,* 50 Md. 242; *Carlin* v. *Chicago R. I. & P. R. R. Co.,* 31 Ia. 371; *Deves* v. *Heiner,* 19 Ia, 297; *Durrance* v. *Preston,* 18 Ia. 402.

We might cite many other cases of this character. The reports are full of them; in most of them the court say nothing on the question we are considering. It may be that their decision involved a judgment on the question; but whether it did so or not, or what were their views, we can not infer with any certainty, because we can not find out

from these reports with any certainty how the questions dis-
cussed came before the court whether simply on a bill of
exceptions taken to the ruling of the court during the trial at
the time such ruling was made, or whether the supposed mis-
ruling only appeared in a bill of exceptions on the motion for a
new trial.  In very many cases we can not tell with any cer-
tainty, whether there was or was not a motion for a new trial.
In some of the cases the court in its opinion expresses views,
which apparently bear on the question ; but the true signifi-
cance of what is said can not be known with any certainty,
because we can not say whether bills of exceptions were taken
at the time to rulings of the court during the trial, or in some
cases whether motions for a new trial were or were not made.
Thus in *Durrance* v. *Preston,* 18 Ia. 402, the court say :

" The plaintiff in his petition sets out as one ground of new
trial, that the court mistook the law as applied to the set-off
and defence of the defendant in said action.  The petition sets
out all the proceedings at length, and all the instructions
given are copied into the petition, but it does not appear that
any of them were accepted to by either party, nor is there any
averment that they were.  Error of law, occurring at the
trial, is no ground for a new trial, unless excepted to by the
party making the application."

If an application for a new trial was, as is very probably
the fact, made in this case to the court below, and the instruc-
tions given set out in a bill of exceptions to the refusal to
grant a new trial, then this case is an authority in favor of
the decision of this Court in *Core* v. *Marple,* 24 W. Va. 354,
where it was held, that "when an instruction is given to the
jury without objection at the time or notice of exception is
taken or given before the verdict is returned by the jury, the
giving of the instruction can not be a ground for setting aside
the verdict and granting a new trial of the case."   But if on.
the other hand no new trial was asked in the court below but
only in the appellate court, then of course this decision would
not support the decision in *Core* v. *Marple.*   Now whether
the new trial was asked for of the court below or only of the
appellate court does not appear.   The apparent inference
would be, that it was asked of the court below.   But it is not
so stated ; on the contrary the statement of the case shows,

that a verdict and judgment was rendered at the March term, 1861, and " on July 22, 1861, the plaintiff filed his petition for a new trial." It is not stated, whether he filed it in the court below or the appellate court. He could not in July have asked in this State a new trial at all in any court, the judgment having been rendered in March. And it must be under some statute-law of Iowa that he was allowed to ask a new trial at all in July. But of what court he is permitted after judgment to ask a new trial does not appear in the report of this case. Hence we can draw no safe conclusion on the question under discussion from this decision.

Again there are decisions on the question under discussion, which are entitled to no weight with us, because they were evidently influenced by statute-law peculiar to the State where the decision was rendered. Thus in *Klein* v. *Franklin Insurance Company*, 13 Pa. St. 249 the court say : "But the least founded of all is the assignment that the judge overruled the defendant's motion for a new trial. It is not pretended, that this would be ground for a writ of error at the common law ; but the act, which has put the *nisi prius* on the footing of an independent court with power to give judgment, provides that either party may take a bill of exceptions to the opinion of the judge as in the common pleas; and that 'whenever the said judge shall refuse to grant a new trial *on points of law* or whenever either party shall tender a bill of exceptions as aforesaid, or any case in the said court where a writ of error is now allowed in a like case to any court of common pleas or district court, it shall be lawful for the party aggrieved to require the said judge to grant an order to certify the record and bill of exceptions or either of them as the case may be to the supreme judges in bank.' By this, two ways are provided to bring the law of the case before this Court. The first by bills of exceptions to the rulings of the judge at the trial; and the second by a certificate of his decision on the propriety of these rulings. A party may take either of them but not both for the one must be superfluous. Here the defendant took bills of exceptions. He still held his motion for a new trial but only for error committed by the jury, and on that head the decision of the judge was conclusive. It was not intended that a party should open the

merits of his case to bank on an ordinary motion for a new trial."

This decision can of course be of no weight in this State where there is no such statute, and where unquestionably the court below can grant a new trial for misdirection to the jury or for errors of law committed by the court during the trial; and if he fails to do so, his refusal to grant a new trial for such misdirection may unquestionably be reviewed by this Court. .

There are also decisions to be found, which, though apparently based on no statute-law, are nevertheless so utterly variant from the established law as recognized by all in this State, as to indicate, that the practice in the State, where such decisions were rendered, is peculiar to such State, and that such decisions, though they might be regarded as bearing on the question we are discussing, are entitled to no weight with us in reaching a conclusion. Thus in *The State* v. *Call*, 14 Me. 421 it was decided, that "when a party in the court of common pleas files exceptions to the opinion of the judge and at the same time moves for a new trial for alleged misconduct of the jury, the judge has a right to require such party to make his election to insist upon his exception or to rely on his motion; and his election to proceed on his *motion for a new trial* is a waiver of his right to except to any decision of the judge *during the trial of the action.*" There was no opinion rendered in this case; but the decision can have no weight with us; for nothing is more common in this State than for a party to except to the decision of the judges or rulings *during the trial* and also to move for a new trial and, if it be refused, to obtain a writ of error. The appellate court constantly reviews the case on a motion for a new trial, and it is so far from a waiver of his bill of exceptions, taken during the trial, that we constantly hold such misdirection during the trial, which was duly excepted to, to be often a ground for reversing the court below for refusing to grant a new trial. Though the court in this Maine case gave no opinion, yet it waived the decision of the question, whether the appellate court could grant a new trial on exceptions to the decisions of the court of common pleas denying such motion. No one in this State would for a moment call in

37

question the right of this Court to grant a new trial on ex-
ceptions to the refusal of the court below to grant such new
new trial.   It is a constant practice here for the appellate
court to review the decisions of a court below refusing to
grant a new trial, when the point has been properly saved by
a bill of exceptions.   The discretion of a court below to
grant or refuse a new trial is a discretion, which may be re-
viewed by the appellate court; and such reviews are con-
stantly occurring.   This decision is therefore entitled to no
weight with us on the question we are considering.

I have found two decisions which are inconsistent with
the following decision of this Court in *State* v. *Phares*, 24 W.
Va., 657, point 3 of the syllabus :   "In a case tried by a jury,
no matter how many exceptions are taken to the rulings
of the court made during the trial, unless a motion is made
during the trial-court to set aside a verdict, and that motion
is overruled, all such errors saved will by the appellate court
be deemed to have been waived."   The two cases, to which
I refer, as reported show, that no new trial was asked of the
trial-court, and yet the appellate court did consider excep-
tions taken to the ruling of the court below during the trial,
implying by so doing that they did not regard such excep-
tions as waived by the failure of the party to ask a new trial.
But in neither of the cases does the question, whether the
court, when no motion for a new trial had been made, could
properly review the rulings of the court below during the
trial, which had been properly excepted to at the trial of the
rulings, appear to have been discussed.   In the absence
therefore of the reasoning or discussion of this question the
fact, that the court of appeals assumed, that it had a right to
review these rulings made during the trial, is entitled to
much less weight with us, than if the question involved in them
had been considered by the courts and a conclusion reached,
after the reasons, which might have led the court to its con-
clusion, had been stated.   The two cases, to which I refer, are
*Boyle* v. *Levings*, 28 Ill. 316-7 and *Jamison* v. *Moore*, 43 Miss.
600.   In both of them there were motions for new trials in
the court below; but they were not properly made parts of
the record and were for that reason regarded as no part of
the record in the appellate court.   This fact however may

have had some influence with the appellate court in consid-
ering instructions at the trial, which had been excepted to
and partly made a part of the record.   I have the more
reason for thinking that in Mississippi the law is not settled,
that rulings of the court below during the trial excepted to
at the time and properly made a part of the record will be
reviewed, when no motion for a new trial has been made in
the court below, despite this apparent assumption; for I find
it said in a case in the same volume :

" The record must contain the instructions given and re-
fused (41 Miss. 104) with the certificate of the clerk, that they
were so given or refused and also the award or denial of a
new trial.   It is the office of a bill of exceptions to present
the objections and exceptions with the facts bearing on the
particular action and the grounds of the motion for a new
trial."

But it would be perhaps an improper inference, that this
decision was inconsistent with what seems to have been
assumed to be the law in *Jamison* v. *Moore,* 43 Miss. 598, as
in the case of *Fisher* v. *Fisher,* 43 Miss. 214 it does not appear
an exception was taken to the instructions given by the court
below or any exception to the awarding of a new trial by the
court below.

But in *Wells* v. *Moseley,* 4 Cold. 401, it was expressly held
that " If it appears upon the face of the record, that the court
below has committed an error, the appellate court will reverse
the judgment and award a new trial, whether it was asked
for in the court below or not."   There is no authority referred
to by the court to sustain this decision, nor was there any
reasoning by the court to show its propriety.   It was simply
announced as the conclusion of the court. The case was one
of an instruction improperly given by the court below to the
jury, which was excepted to at the time and properly made a
part of the record, and no new trial was asked.   So that the
question we are discussing was directly raised in this case and
decided contrary to our decision in the case of *State* v. *Phares.*
But the Tennessee court gave no reason for its decision and
referred to no authorities.   This is the only case, which I
have found in direct opposition to our decisions where the
attention of the Court was called to the question.   But on

the contrary I have found numerous cases in other States, which expressly approve the decision on this question in *State* v. *Phares.* Thus in *Staver, Administrator et al.* v. *The State ex rel*, Munford, 61 Ind. it was decided, that " The supreme court can not review a question of law reserved during the trial of a cause, unless the error complained of is made a ground for a motion for a new trial." This not only sustains our decision but the syllabus we have quoted goes even further, as it apparently requires *not only* a new trial *to* be asked but to be asked specially on the *ground* of this misdirection. On this subject the court say on page 362 : " No motion however seems to have been made for a new trial in the court below. It has been held by this court, and we think correctly, that a motion for a new trial is necessary, to enable this court to review a question of law arising upon the trial like the one before us. (See *Love* v. *Carpenter*, 30 Ind. 284 ; *Garver* v. *Daubenspeck*, 22 Ind. 238.")

This case shows that the supreme court of Indiana has formally settled the law in that State in accord with our views on this question as decided in *State* v. *Phares.* The law is well settled in the same way in Arkansas. Thus in *Grimes and wife* v. *Summers*, 39 Ark. 482 it was decided : "All errors in proceedings at law, which might be remedied by a new trial, are waived, unless they are made grounds of a motion for a new trial, and the motion incorporated in the bill of exceptions or referred to therein as elsewhere copied in the transcript. When this is not done such errors are not before the supreme court." The court say on page 484 : "This court has often held that all errors occurring in the course of proceedings at law, which might be remedied by a new trial, are waived, unless they be made grounds of a motion for a new trial, and that motion must be set forth in the bill of exceptions or referred to therein or elsewhere copied in the transcript. If that be not done, no errors occurring in the progress of the trial or in any manner affecting it can be noticed here. Of this nature are errors in the refusal of continuances, in suppressing or refusing to suppress depositions, in giving or refusing instructions, in verdicts and many others of like nature, which a new trial would reach and remedy, as disdinct from errors apparent on the record proper ; mean-

ing thereby the record required to be made in case no bill of exceptions has been taken.     *     *     We have not overlooked the fact that, in the record proper a motion is copied in full in connection with the proper notation on the record, that a motion for a new trial was made and overruled.     But it is not the province of the ordinary record to set forth the motion itself with its grounds; and to make it a part of the record, it must be brought by bill of exceptions, either incorporating it, or referring to it as contained in some other part of the transcript.     *Carroll* v. *Saunders*, and cases cited 38 Ark. 216; *Fry & Co.* v. *Ford, Id.* 246; *Knox* v. *Hellums, Id.* 413."

In accord with this decision *Young, Trustee* v. *King, et al*, 33 Ark. 745; *State* v. *Mahon*, 26 Ark. 536; *Merriweather* v. *Erwin*, 27 Ark. 37; *Worthington* v. *Welsh*, 27 Ark. 464; *Hick* v. *Wilson*, 24 Ark. 628; *Moss, Administrator* v. *Smith*, 19 Ark. 683.

The same is the well settled law in Kentucky.     Thus it was decided in *Humphreys* v. *Walton & Co.*, 2 Bush 580 that "On an issue and trial of facts by a jury or the court a motion for a new trial is essential to correct the errors growing out of the evidence or *instructions* before an appeal can be entertained by the court of appeals."     On page 582 the court say:     "If a party in whom no right of action exists should bring a suit, and this be apparent from his own petition, and the defendant should fail to answer, and judgment by default be rendered, yet he might have a reversal without any motion for a new trial, and many other cases of errors appearing in the record; but on an issue and trial of facts by a jury or the court a motion for a new trial is essential to correct the errors growing out of the evidence or instructions before an appeal can be entertained by this court."     The same conclusion was reached in *Dethrage* v. *Montgomery*, 4 Bush 46; and the same conclusion was again reached in *Harper* v. *Harper*, 10 Bush 447; and it was further decided that "on a motion for a new trial the court should review all its rulings excepted to by the unsuccessful party and if error has been committed to his prejudice, grant a new trial; and a refusal to do so in such case will be error for which the order will be reversed and the case remanded for a new trial."     The court say on page 451: "When an appeal is prosecuted from a judgment on a verdict

without a motion for a new trial having been made and over-ruled nothing is brought before this court except the plead-ings, verdict and judgment; and if the pleadings and verdict authorized the judgment rendered, it will be affirmed with-out regard to the rulings of the court at the trial further than they appear in the judgment. But when a motion for a new trial is made it is the duty of the circuit court to review all its rulings during the trial which is excepted to by the un-successful party, and grant a new trial if error has been com-mitted to his prejudice; and if the court fails to do so and overrules the motion, the order will be erroneous because of the previous errors, and this court will reverse the order, and remand the cause with directions to award a new trial."

In Missouri they have gone further than we did in *State* v. *Phares.* Thus in *Lancaster's administrators* v. *Washington Life Insurance Company*, 62 Mo. 127, it was decided, "that if objection were made, and exceptions saved to the admission of some testimony introduced by the plaintiff but the action of the court in giving and refusing instructions was the only error complained of, which was brought to the attention of the court below in the motion for the new trial, then the pro-priety of the admission of the testimony excepted to but only the propriety of the courts action in granting or refus-ing the instructions excepted to can properly be reviewed in the appellate court on a writ of error by the plaintiff."

In this State on the decision of *State* v. *Phares*, 24 W. Va. p. 657, point 3 syll., taken in connection with *Shrewsbury* v. *Miller et al*, 10 W. Va. 115 point 4 syll. it would be held, that, if a motion for a new trial is made and overruled, then this Court would review all the rulings of the court during the trial prejudicial to the plaintiff in error, though the at-tention of the court was not called to some of them by the plaintiff in error in making his motion for a new trial. In this respect our law according to these decisions would be the same as the Kentucky law as laid down in *Harper* v. *Harper*, 10 Bush 447, point 2 syll., that is, on a motion for a new trial the court below should review all its rulings during the trial excepted to by the unsuccesful party, whether specially called to its attention or not; and, if there be such error prejudicial to the plaintiff in error and the court below

has refused to grant him a new trial, this Court would reverse the judgment. And in such case it would only be necessary for the record-book to show, that a motion for a new trial was made by the plaintiff in error and overruled, and such action objected to in order to bring before us for review all the rulings of the court during the trial excepted to by the plaintiff.

In this State in this respect our practice would be different from that in Arkansas as laid down in *Gates and wife* v. *Summers*, 39 Ark. 482. There in such case rulings during the trial excepted to could not be reversed, though a motion was made for a new trial and overruled, which was entered in the record-book, unless the plaintiff went further and took a formal bill of exceptions. Here in such case this formal bill of exceptions would not be necessary, first, because on the motion for a new trial being made it would be the duty of the court below to review all these rulings made during the trial, which it would not be in Arkansas, unless they were specially named in the motion as grounds for granting the new trial; and secondly, because our statute-law provides, that a " party may avail himself of any error appearing on the record, by which he is prejudiced, without excepting thereto." (Code, ch. 131, § 9.) By this is meant, " without taking a formal bill of exceptions." And if the record showed that the new trial was refused and the plaintiff in error excepted or objected thereto, this would suffice. *Sweeney* v. *Baker*, 13 W. Va. 158 ; *Perry* v. *House*, 22 W. Va. 383.) If the other side wished to show, that though the ruling of the court during the trial was excepted to by the plaintiff in error, yet upon the whole case, as it was before the jury, the plaintiff in error was not prejudiced, it would be the duty of the defendant in error to have all the evidence certified and inserted in a formal bill of exceptions, or certificate by the judge of all the evidence or facts given so as to make such evidence a part of the record. *Sammons & Piercy, Ex'rs* v. *Hawver*, 25 W. Va. 678.

It seems to me very obvious that outside of Virginia and West Virginia the great weight of authority sustains the views of this Court as expressed in *State* v. *Phares*. In the conclusion of the opinion President Johnson in that case

says: "Of course the rule is different, if the error is in the pleadings." Several of the cases we have cited point out this difference, and it is also pointed out in *Robinson* v. *Clarkson et als.* 34 Mo. It is also true that authorities outside of Virginia and West Virginia sustain the decision of this Court in *Core* v. *Marple*, 24 W. Va. 354, that "when an instruction is given to a jury without objection at the time, and no exception or notice of exception is taken or given, before verdict is returned by the jury, the giving of the instruction can not be a ground for setting aside the verdict and granting a new trial in the case." It is true, it was held otherwise in *Bengley* v. *Denson*, 40 Tex. 416, where it was decided, that "though an appellant, who has failed to object to an instruction, can not generally avail himself of error in the charge on appeal, yet, when the verdict of the jury has been made to turn upon an erroneous charge, and the judgment upon the merits is thus founded in error, it will be reversed, though the charge was not complained of at the time." But the reasons assigned by the court for this conclusion seemed to me to be almost unintelligible. All that is said on this point is this : (page 433.) "Appellee refers to numerous decisions of this court as sustaining his position, that appellants having failed to object to the charge at the time it was given, it can not now be made a ground to reverse the cause. This has been the general practice of this court where the charge is unexceptionable. But when 'the verdict of the jury has been made to turn upon an erroneous charge, and the judgment upon the merits is thus founded in error, the judgment will be reversed, though the charge was not complained of at the time as in *Hollinsgworth* v. *Holshousen*, 17 Tex. 47; *Wetmore* v. *Woodhouse*, 10 Tex. 33.' "

The cases referred to by the appellee as sustaining his position, that the appellants having failed to object to the charge at the time it was given, it can not now be made a ground to reverse the cause, were *Hall et al* v. *Stancell*, 3 Tex. 400 ; *Houston* v. *Janes*, 4 Tex. 170 ; *Jones* v. *Thurmand*, 5 Tex. 323 ; *Thatcher* v. *Mills*, 14 Tex. 16 ; *Comm.* v. *McKee*, 14 Tex. 30 ; *Earle* v. *Thomas*, 14 Tex. 593 ; *Hollingsworth* v. *Holshousen*, 17 Tex. 47; *Bart* v. *Alford*, 20 Tex. 229; *Robinson* v. *The State*, 24 Tex. 154; *Powell* v. *Huling*, 28 Tex. 56 ; *Wright* v.

*Donnell,* 34 Tex. 305; *Robinson* v. *Carroll,* 16 Tex. 383. In answer to this array of authorities the appellants counsel only say, page 432 : "Rule VII adopted by this court at its January term 1840 prohibits in this court 'any objection to be taken to the admissibility, as evidence, or any deposition, deed, grant or exhibit, &c., unless objection was taken in the court below' was never meant to be applied to objections apparent on the face of the record. Such was the construction given to this rule in *Cloud & Smith,* v. *Adriance,* 1 Tex. 106. The present rule, adopted on the same subject by this court is identical in terms (see Rule V., 32 Tex. 808) and should not be construed to apply to instructions of the court clearly erroneous." This seems to me to be subtantially an admission that the Texas authorities clearly establish the position "that the appellants having failed to object to the charge at the time it was given, it can not in the appellate court be made a ground to reverse the case." And that is the well established law in Texas, it seems to me, is in effect admitted by the court, when it said: "This has been the general practice in this court, when the general charge is unexceptionable." Unless the practice was absolutely absurd, it must have existed and been applied, when the "general charge was exceptionable;" for if it is applied only when the "general charge was exceptionable" it would in effect fail to be applied, whenever its application could possibly produce any effect. I have no access to any of the Texas reports here except this 40th volume; but I have no doubt, that they clearly establish the rule, "that if the plaintiff in error fails to object to an instruction at the time it is given on the trial of the case below, the appellate court can not reverse the case, because this instruction is erroneous."

The two cases referred to above in this case in 40 Texas are doubtless in irreconcilable conflict with a long current of decisions by the supreme court of Texas. We will presently see, that the same thing has occurred in Virginia that occurred in Texas; and two cases will be found in Virginia in irreconcilable conflict with a long current of Virginia decisions, which established the law, just as the current of the decisions settled it in Texas. These are but examples of what sometimes occurs, when appellate courts in order to do

38

what justice seems to require overthrow established law. They are causes where the appellate court seeing that the ignorance or carelessness of counsel had lost rights of their clients in the court below, in order to prevent such a result, violate a long established and just rule of practice. The Supreme Court of the United States in *Railway Company* v. *Twombly*, 100 U. S. 78 decided, that " where a party moving for a new trial assigns as reason therefor, that the verdict is not sustained by the evidence, and that the court erred in giving certain instructions and in refusing others ; but he did not at the time except to the ruling of the court in regard to the instructions, they can not be reviewed by the appellate court, although they are incorporated in the bill of exceptions allowed on the refusal of the court below to grant a new trial."

I will now review the cases in Virginia and West Virginia on the questions, which we have been considering, and show, that, while there has been some conflict in these cases in Virginia, the decided weight of authority in that State support these decisions in *Core* v. *Marple*, 24 W. Va. 354, and *State* v. *Phares*, 24 W. Va. 657, point 3 syll. The first case in Virginia on the subject under discussion was decided in 1790 ; and it is the second case in the Virginia reports. It is the case of *Johnson* v. *Mason*, 1 Wash. 4. This case is also reported in 4 Call. 367, where according to the syllabus it was decided that "a motion to the same judge, who tried the cause, for a new trial upon the ground of a misdirection to the jury and an exception to the refusal of it instead of an exception to his original opinion is improper. But still, if the whole matter is stated in the record, the court of error will pass over the form and look to the substance of the direction." The instructions complained of were not excepted to when given but appeared with the whole evidence in the bill of exceptions taken to the refusal of a new trial. This case was subsequently in 1830 disapproved by the court of appeals of Virginia in *Guerrant* v. *Tinder*, Gil. 41. The court in that case say :  "In the case of *Johnson* v. *Mason*, 1 Wash. 4, it was stated by the president of the court, that a motion for a new trial on the ground of a mis-direction is never made before the same judge but before the appellate court

upon an exception taken in the court below, we are of opin-
ion, that this ground is quite too narrow.    The same judge
may upon a deliberate motion for a new trial supported by
arguments and authority retract a hasty opinion expressed by
him in the progress of the trial.    That course too would save
the expense and delay of appealing to a superior court for
the purpose.    But as he may not retract his error, an appli-
cation for a new trial may also be made to the appellate court,
and to that end an exception is provided.    On the appeal the
application is still in effect for a new trial."

It appears thus, that in the early days of Virginia there
was a diversity of opinion as to whether, if a new trial was
to be asked because of the misdirection of the judge during
the trial, the application for such new trial should be made
to the court, before whom the case was tried, or to the ap-
pellate court.    It seems to us now very strange how there
could be any controversy on this point.    But if we bear in
mind that prior to the Code of Virginia of 1849 there was no
statute-law stating what court should have jurisdiction to
grant new trials, and if we further consider, that prior to the
constitution of Virginia of 1851 the jurisdiction of the differ-
ent courts in Virginia had not been definitely settled either
by constitutional provisions or by statute-law, we can under-
stand how judges might then differ as to whether the courts,
before whom a case was tried, or the supreme court of ap-
peals had jurisdiction to grant new trials when asked for be-
cause of a misdirection of the judge during the trial of a
case before a jury.    But whatever diversity of opinion may
have once existed on this point, there could be no question
raised on this point after 1851.    For by the Code of 1849,
which went into effect July 1, 1850, jurisdiction to grant
new trials was for the first time expressly conferred on the
trial-court, (Code of Virginia of 1849, ch. 177 sec. 15) and
this has ever remained the law both in Virginia and this
State.    (Code of West Virginia ch. 131, sec. 15.)    By the
constitution of Virginia of 1851 Art. VI, sec. 11 (Code of
Virginia of 1860 p. 53) there was conferred on the supreme
court of appeals appellate jurisdiction only except in cases of
*habeas corpus, mandamus and prohibition.*    Its jurisdiction is
specially defined ; and this has ever since remained a constitu-

tional provision. (Constitution of West Virginia of 1863, Art
VI, sec. 8; Code of West Virginia p. 30; Constitution of West
Virginia of 1872 Art. VIII, sec. 3, p. 25 of Acts of 1872–3
and first amendment to this constitution Art. VIII, sec. 3,
Acts of 1883 p. 189.) It seems clear therefore, that since
1851 there can be no question either in this State or in the
State of Virginia, that the supreme court of appeals has no
jurisdiction to grant a new trial in a case tried in the circuit
court for any cause whatever, but that such new trial must
be asked of the circuit court, and if it refuse to grant it, then
its judgment in this matter may be reviewed by the supreme
court of appeals, who may grant it on the reversal of the
judgment of the circuit court, exercising its appellate power
in so doing. And it is well said in *Guerrant* v. *Tinder*
Gill 41, where this is done, the appeal is in effect an applica-
tion for a new trial. This clearly can now be exercised by
this Court only on a review of a decision of the circuit court
refusing to grant such new trial, that is, after a motion for
such new trial had been made to the circuit court and re-
fused.

Johnson President, in *The State* v. *Frew & Hart*, 24 W. Va.
460–464 reviewed the various constitutions of Virginia and the
statute-law of that State prior to 1850 in relation to the jurisdic-
tion of the different courts; and if this review is read, we
will better understand how from the indefiniteness of the
law a controversy might arise, as to whether a circuit court or
the supreme court of appeals should be applied to for a new
trial, when the application was based on a misdirection to
the jury by the circuit judge. While this question, as we
have seen, was necessarily put to rest by statute-law and con-
stitutional law, April 1851, it was in fact settled in the same
way long prior to 1851 by the decisions of the courts. Judge
Pendleton in the case of *Power* v. *Finnies*, 4 Call 415 decided
in 1797 says in the conclusion of his opinion : "We had
contemplated granting a new trial, but being an appellate
court, and no motion for a new trial having been made in
the district court, we could not do it." In the case of *Humph-
reys* v. *West*, 3 Ran. 518 declared in 1825, Judge Coalter
said : "The granting of a new trial however rests with the
court before whom the trial was had, and that too upon a

motion to that court, for a new trial: there being no case in which that court is bound *ex mero motu*, and without motion, to grant a new trial, and subject the defendant without his consent to greater damages. The appellate court can not grant such new trial; for that would be to reverse the judgment of an inferior court on a motion for a new trial here, which was not made to that court, and of course on a matter in which that court commits no error."

It seems to me therefore, that point 3 of the syllabus in *State* v. *Phares*, 24 W. Va. 657 is sustained by the weight of the Virginia authorities. That point is: "In a case tried by a jury, no matter how many exceptions are taken to rulings of the court made during the trial, unless a motion is made before the trial-court to set aside the verdict, and that motion is overruled, all such errors saved will by the appellate court be deemed to have been wiaved." The kindred decision by this Court made in *Core* v. *Marple*, 24 W. Va. 354 is also sustained by the weight of the Virginia decisions. The decision in that case was: "When an instruction is given to the jury without objection at the time, and no exception is taken thereto, though a motion be made for a new trial, on the ground that this instruction was erroneous and prejudicial to the party, against whom the verdict was rendered, and this motion was overruled and excepted to properly, this Court will not review this instruction or reverse the case, because it is erroneous."

In the case of *Washington & New Orleans Telegraph Co.* v. *Hobson & Son*, 15 Grat. 122, point 3 of syllabus, it was decided: "It must appear from the record, that a point decided by the court has been saved before the jury retires; though the exception may be prepared, and may be signed by the judge either during the trial or after it is ordered during the same term. If this appear from the whole record, it is sufficient, though it is not expressly stated in the bill of exceptions; but if it does not appear from the record, the appellate court cannot review the judgment of the court below upon that point." A motion for a new trial was made in that case and overruled, and exceptions thereto regularly taken. In the case of *Martz* v. *Martz*, 25 Grat. 368, there was a question of controversy, whether on the admission of certain

testimony to go to the jury, to which the appellants objected, they gave any notice, that they excepted to the action of the court in admitting such testimony, at the time it was admitted; and upon this, it would appear, the court deemed, that the propriety or impropriety of their considering whether this testimony ought to have been admitted, would depend. They concluded that the record showed that the exception was made, when the testimony was admitted; and therefore they considered whether such testimony was or was not admissible.

In the case of *Peery* v. *Peery*, 26 Grat. 320, the first point of the syllabus is : " Though the plaintiff moves the court, before the jury returns to consider of their verdict to exclude certain evidence which had been given on the trial, which the court refused to do. It notice of a proper purpose to except is not given till the jury come into court with their verdict the exception is too late." A motion was in this case made for a new trial, which the court overruled, and a bill of exceptions was properly taken. The court, though it thought the court below ought to have excluded this evidence, yet as its admission was not excepted to at the proper time, in reviewing the case refused to consider or give any weight to the fact, that the court had improperly admitted this testimony but regarded any objection to its being received as waived by the plaintiff's not excepting to it in time.

The case of *Winston* v. *Giles*, 27 Grat. 530, is not upon the question under discussion, but in it Judge Moncure says : " Formally and regularly a bill of exceptions purports to be tendered and signed when or immediately after the opinion excepted to is given; and certainly if convenient, the facts could then be set out more accurately and with less difficulty than at any other time. It is admitted in all cases and everywhere, that at least the exception must be taken at the time so as to give notice of it to the adverse party ; and some of the cases require the substance of the exception should be stated in writing at the time."

In the case of *Page* v. *Clopton*, 30 Grat. 415, the second point of the syllabus is : " The usual practice is to give notice of the exception at the time the decision is made, and reserve liberty to draw up and present the bill for settlement and

signing, either during the trial or after the trial, and during the time, as may be allowed by the court, but it must be signed during the term at which final judgment is rendered; and it will be disregarded in the appellate court, if signed after the end of such time, although signed pursuant to a previous order allowing it, unless perhaps such order be made · by consent of parties."

On the other hand it was decided in *Bull* v. *The Commonwealth*, 14 Grat. 614, point 6 of the syllabus: "If a party be dissatisfied with an instruction, he ought to state his objection at the time. If no objection is stated to an instruction at the time it is given, and no exception taken or point saved; but objection made for the first time, after verdict, in the form of a motion to set it aside, the court will consider whether, under all the circumstances, the party has been prejudiced by the instruction; and if of opinion that a just verdict has been rendered according to the law and the evidence, will not set it aside on account of that objection." The opinion of the court, in which the law was thus laid down, was delivered by Judge Moncure. In that case the court refused to set aside the verdict for misdirection by the judge at the trial. The inference from the law as thus stated is, that if the instructions given were erroneous, though not objected to when given, yet if they were calculated to mislead the jury, it would be the duty of the court on a motion for a new trial to set aside the verdict and grant a new trial; and the appellate court would supervise the action of the court below in that respect; and it was accordingly so held in *Stevenson* v. *Wallace*, 27 Grat. 78, point 13 of the syllabus.

In the *Danville Bank* v. *Waddell's Adm'r*, 31 Grat., Burks Judge, on page 477 says: "In jury-trials I have always understood the rule to be that if a party objects to a ruling of the presiding judge during the progress of a trial, either in admitting or excluding evidence, or giving or refusing instructions or otherwise, and intends to except to such ruling he must make known such intention at the time of the ruling or at least before a verdict, and if the bill of exception can not be drawn at once, liberty should be reserved to do so during the time, and if he neglect to prefer exception till after the verdict, he will not then be allowed to do so. One of the

reasons for the rule requiring this promptness in taking the exceptions· and giving notice thereof, is that the exceptions taken and made known for the first time at a subsequent period in the trial might effect very injuriously the 'rights of the opposing party : for if he have reasonable notice of the ·exception, he may perhaps have it in his power at the time or during the trial to obviate or counteract it, and it would be unjust to allow his adversary. to insist on the exception, and have the benefit of it, after, by his own negligence, or it may be by his contrivance, he has made it impossible to meet it." He refers then to the cases above cited to show, that this is the rule of practice established in Virginia and proceeds : "Whether this general rule which seems to be established by the decisions referred to is to be regarded as modified by the cases of *Bull* v. *Commonwealth*, 141 Grat. 613 and *Stevenson* v. *Wallace*, 27 Grat. 77 in its application to instructions, to which objection is made for the first time by way of motion to set aside the verdict of the jury, it is not necessary to determine in the present case."

In my judgment it is impossible to regard the rule laid down or deducible from the decisions in *Bull* v. *The Commonwealth*, 141 Grat. 613 and *Stevenson* v. *Wallace*, 27 Grat. 77 as modifications of the general rule above stated deducible from the current of Virginia cases; but those two cases must be regarded as in irreconcilable conflict with this general rule, For of what possible value is a rule requiring a party to save an exception at the time an instruction is given the jury, to which he objects, in order to enable his opponent by withdrawing the instruction or getting the court to modify it so as to make it clearly unobjectionable or in some other way meet or obviate the objection, if the party can obtain the full benefit of his objection to an instruction offered 'by his opponent without making any sort of objection thereto by incorporating his objection in a bill of exceptions to the overruling of his motion for a new trial or by relying on and making his objection to the instruction for the first time, when he moves for a new trial? Is it not obvious, that the general rule would be utterly worthless, if it was thus modified? For who would ever give notice, that he excepted to the admission or exclusion of evidence by the court or to the giving or refus-

ing of instructions at the time of these rulings by the court, if he could have the full benefit of his exception without giving any notice of it or even of any objection to the action of the, court, till after he had taken his chance of getting a verdict from the jury? This supposed modification of the general rule would in effect operate as a total abolition of it; and hence I regard these two decisions in 14 Grat: and 27 Grat. as irreconcilably in conflict with the general current of authorities in Virginia.

In addition to the authorities, which I have cited, I may refer to *Lamberts* v. *Cooper*, 29 Grat. 61, which was the trial of an issue out of chancery, where Judge Staples says : "The ruling of the court is one of the errors assigned in the petition for the appeal. It does not appear however that the appellants excepted to the opinion of the court, permitting the witness to testify, or intimate a purpose or desire to save the point. The fact that objection was made at all to the witness only appears from the certificate of the evidence given by the judge upon the overruling of the motion for a new trial. Conceding that the court erred in its decision can the appellants here rely upon it as a ground for reversal ?" He concludes that they can not. The other judges concurred in his views and it was so decided. See point 1 of syllabus of the case p. 61.

My conclusion therefore is, that the decision of this Court in *Core* v. *Marple*, 24 W. Va., 354, is sustained both by reason and by the weight of testimony. In this State in *Stansburry* v. *Miller*, 10 W. Va. 127, Judge Johnson cites approvingly, *Humphrey's admr.* v. *West's admr.* 3 Rand 516, above quoted and says : "A new trial can only be had upon motion, as a court is not bound *ex moro motu* to grant a new trial ; " and in *Riddle* v. *Core*, 21 W. Va., p. 530 point 4 of syllabus, this Court decided, that "a new trial in a case where there was a demurrer to the evidence as in all other cases can only be had, because the verdict is excepted, upon motion. The appellate court cannot grant a new trial without such moiton in the inferior court." The reasons given for this decision are those given in *Humphrey* v. *West*, which have been given hereinbefore. The two cases were just alike, so far as this question is concerned. It *State* v. *Phares*, 24

W. Va., 657, 658, this Court decided that: "In a case tried by a jury no matter how many exceptions are taken to rulings of the court made during the trial, unless a motion is made before the trial-court to set aside the verdict, and that motion is overruled, all such errors will by the appellate court be deemed to have been waived." The court also decided : " A new trial for errors committed during the trial can only be had after motion made in the trial-court and overruled ; as this Court will not *ex moro motu* grant a new trial in case no such motion was made in the court below." The reasons for these conclusions are given on pages 661 and 662. In addition to the reasons, which have been assigned for these conclusions, I would add, that if either party were allowed to have the rulings of the court below, which had been properly excepted to and a bill of exceptions taken at the proper time, reviewed without his making a motion for a new trial and its being overruled, he never would make such motion, when his only ground for it was these erroneous rulings against him during the trial; as, if he failed to make the motion, the appellate court would have to presume, that such rulings were prejudicial to him, but if he be required to make such motion before he can avail himself of such rulings against him during the trial, he will afford his opponent an opportunity of having all the evidence spread upon the records, and when this is done, the appellate court may see, that these rulings at the trial were not really prejudicial to him, and in that case, though the rulings were against him, and he properly excepted to them and made them a part of the record, still the appellate court will not reverse the case, though the rulings were erroneous, the presumption that they were prejudicial to him having been rebutted by the evidence in the case when all certified. (*Gerst* v. *Jones*, 32 Grat. 519, point 7 of syllabus ; *Kincheloe* v. *Tracewells*, 11 Grat. 587, 609 ; *Danville Bank* v. *Waddell*, 27 Grat. 448 ; *Binns* v. *Waddell*, 32 Grat. 588.

These views are sustained by this Court in *Sammons* v. *Hawvers*, 25 W. Va. 678, where it was held, that, if the court below refuse to a-party entitled to it a right to open and conclude the case, and he excepts thereto, the error can not be reviewed, unless a motion for a new trial is made and over-

ruled, and the overruling of such motion objected to—and if he does not take a bill of exceptions and set out the facts proven the other side can then have the facts certified in the bill of exceptions so as to show that his opponent was not injured by the refusal of the court to give him the opening and closing of the case.

*My conclusion therefore is, if errors or supposed errors of any sort are committed by a court in its rulings during the trial of a case by a jury, the appellate court can not review these rulings of the court, unless two conditions concur : First, these rulings must have been objected to when made and a bill of exceptions taken or the point then saved, and the bill of exceptions taken during the term ; and secondly, a new trial must also have been asked and overruled and objected to, and this noted on the record.*

As in this case the plaintiff in error did not move the court below for a new trial, the rulings of the court below during the trial, though excepted to at the time they were made, cannot be reviewed by this Court.    And the only error assigned by the plaintiff in error in his petition being errors in these rulings at the trial, and an inspection of the record showing that, if these rulings are not considered, there is no error in the case, this Court must affirm the judgment of the court below rendered December 4, 1882, and the defendant in error must recover of the plaintiffs in error his costs in this Court expended and $30.00 damages.

AFFIRMED.