# CHARLESTON.

STATE v. GEORGE C. BRAGG

(No. 5837)

Submitted January 17, 1928.   Decided January 18, 1928.

1.  CRIMINAL LAW—*Error Not Prejudicing Party Complaining is Not Cause for Reversal.*

    Error which does not prejudice the party complaining is not cause for reversal. *Nichols* v. *Ry Co.*, 62 W. Va. 409. (p. 37.)

    (Criminal Law, 17 C. J. § 3600.)

2.  SAME—*Remark of Trial Court Not Objected to When Made, is Ordinarily Not Reviewable on Appeal.*

    A remark of the trial court not objected to when made, is ordinarily not subject to appellate review.   (p. 37.)

    (Criminal Law, 17 C. J. § 3332.)

    (NOTE:   Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Marion County.

George C. Bragg was convicted of transporting intoxicating liquor, and he brings error.

*Affirmed.*

*L. CV. Musgrave,* for plaintiff in error.

*Howard B. Lee,* Attorney General, and *R. A. Blessing,* Assistant Attorney General, for the tSate.

HATCHER, JUDGE:

The defendant was found guilty upon an indictment charging him with transporting intoxicating liquor.   Evidence on

behalf of the State is as follows: Some officers received information that ''they were carrying on pretty bad'' at dances which were being held near Rivesville in Marion County. The officers secreted themselves near the dancing pavilion one night, and after the dance had broken up heard several par- · ties making up money to send for wine. One of the number left. Several minutes afterwards someone approached. Just then the headlights of a nearby automobile were turned on and by means of that lighth the officers identified the one approaching as the defendant, and saw that he was carrying a jug. They rushed in on the group, apprehended the de= fendant and seized the jug which they found on the ground. The defendant and his witnesses testified that he did not go for the wine and never had it in his possession, but that it was brought to the group by a stranger. The only material difference between the evidence of the tSate and the defendant is as to the identity of the jug bearer.

(1) The defendant claims that the court erred in permit- · ting one of the officers to testify that he had received reports of bad conditions existing at the dances, as such testimony was hearsay evidence. *Webb* v. *Packett Co.*, 43 W. Va. 800, and other cases are cited. It may be admitted that this testimony was not proper. It was not prejudicial, however, as occurrences at the dance were observed and related by both the officers and the witnesses for defendant which showed that conditions there were indeed bad so far as sobriety was concerned.

(2) Perry Casper, one of the defendant's witnesses, testified that he arranged for the wine in question with a stranger; and that it was brought by the stranger and not by the defendant. While Casper was testifying, the court directed the sheriff ''to take care of this man * * * until this case is over''. The defendant made no objection to the remark at the time, but charges now that it tended to discredit his witness before the jury. The purpose of the court does not appear. Defendant's criticism of the remark would seem to be theoretically correct. In practice, however, much depends upon the manner in which a remark is made. The manner

in which the remark in question was made evidently did not reflect on the witness, otherwise astute counsel would have interposed a timely · objection.  Under *Banks* v. *Rodehaver,* 26 W. Va. 274, and *Hinton Milling Co.* v. *New River Milling Co.,* 78 W. Va. 314, the failure of defendant to object to the remark at the time forbids a review thereof now.

(3) Three instructions were given by the State, the gist of which is that all wines are intoxicating liquors under our prohibition laws, and the intoxicating character of wine need not be proven.  The wine in question is elderberry wine, which is not ordinarily considered a commercial brand of wine. Therefore under *tate* v. *Dennison,* 85 W. Va. 261, the instructions are not applicable in this case.  The defendant, however, was in no wise prejudiced by these instructions, because three of the State's witnesses swore positively that this wine was intoxicating, and their evidence in this respect was not controverted by defendant.

· (4) The court refused to give defendant's instruction No. 1 which is as follows: "The Court instructs the Jury that the burden of proof is on the State, and that unless the State has proven beyond all reasonable doubt each and every allegation as charged in the indictment, then, the jury should find the Defendant not guilty."  This instruction is technically imperfect in that it omits the word "material" before the word "allegation".  The defendant suffered no injury, however, because of the refusal of the court to give that instruction as the court did give his instructions Nos. 3 and 4, which charged the jury that the defendant could not be found guilty unless the jury and each member thereof found him guilty beyond all reasonable doubt.

The evidence of the State supports the verdict.  We find no error committed at the trial prejudicial to the defendant. Error which does not prejudice a defendant is not cause for reversal.  *Nichols* v. *Ry. Co.,* 62 W. Va. 409.  The judgment is therefore affirmed.

*Affirmed.*